# IN THE COURT OF APPEALS OF IOWA

No. 15-0906
Filed July 22, 2015

**IN THE INTEREST OF C.M.,**
**Minor Child,**

**C.M., Father,**
     Appellant,

**S.B., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A father and mother separately appeal from the order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant father.

Michelle Jungers of Iowa Legal Aid, Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Linda Fangman, County Attorney, and Stephen J. Halbach, Assistant County Attorney, for appellee State.

Timothy M. Baldwin, Waterloo, for minor child.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, C.J.**

A father and a mother separately appeal from the May 15, 2015 order terminating their parental rights to a child. There is clear and convincing evidence for termination of each parent's parental rights pursuant to Iowa Code section 232.116(1)(h) (2015). Unresolved substance abuse issues create a risk of harm should the child be returned to the parents' custody, and termination of the parents' rights best provides for the child's long-term stability and care. Moreover, no factor weighing against termination is present. We therefore affirm the termination of each parent's parental rights.

**I. Background Facts and Proceedings.**

C.M. was born in September 2014. The department of human services received a child protection referral with concerns that the child was born with methamphetamine, amphetamine, cannabinoids and Carboxyl-THC in his body. A DHS investigator located and met with the parents about two weeks later. The parents then admitted using methamphetamine and marijuana while the child was in their care. Neither parent was employed. They did not have suitable housing. A removal order was entered on September 23, 2014, and on October 29, the parents stipulated C.M. was a child in need of assistance (CINA).

The mother has a history of substance abuse and has been diagnosed with amphetamine and cannabis dependency. She participated in a substance abuse evaluation on September 30 and reported having previously participated in substance abuse programming at Pathways in 2010 and Prairie Ridge in 2011. She started out-patient substance abuse treatment in November 2014 and was transferred to in-patient treatment when she believed she needed a higher level

of treatment. Unfortunately, on December 8, 2014, the mother was discharged from substance abuse treatment for noncompliance, and she has not reinitiated herself in any further substance abuse treatment and has been noncompliant with drug testing.

The mother also has a history of mental health concerns and has been diagnosed with major depressive disorder, anxiety, and post-traumatic stress disorder. She did not participate in any mental health counseling from 2011 through September 2014, the time of the child's removal. Since the child's removal, the mother has participated in only one therapy session. She is without a stable residence. At the time of the termination trial, the mother was attending an average of one visit per week with the child.

The father also has a history of substance abuse and was diagnosed in September 2014 with amphetamine abuse and cannabis abuse. Following a substance abuse evaluation that recommended treatment, the father attended two out-patient group sessions. He has not followed through with any additional substance abuse programming, has not completed substance abuse treatment, and has not complied with random drug testing. Nor has he completed the mental health evaluation ordered by the juvenile court. Like the mother, the father attends an average of one supervised visit per week with his child though he was offered more.

On May 15, 2015, the juvenile court terminated each parent's parental rights. The father's rights were terminated pursuant to Iowa Code section 232.116(1)(e), (g), (h), and (*l*); the mother's rights were terminated pursuant to section 232.116(1)(e), (h), and (*l*). Each parent separately appeals.

**II. Scope and Standard of Review.**

We review de novo proceedings terminating parental rights. *See In re A.M.H.S.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

**III. Discussion.**

Termination of parental rights under chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *See id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude the termination of parental rights. *See id.*

*A. Statutory ground exists.* When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported in the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(1)(h) provides that termination may be ordered when the child is three years of age or younger, has been adjudicated a CINA, has been removed from

the physical custody of the parent for at least six of the last twelve months, and cannot be returned to the parent's custody at the time of the termination hearing.[1] There is clear and convincing evidence the child is one year old, has been adjudicated CINA, has been removed from the parents' custody for at least six consecutive months, and cannot be returned to either parent at present due to unresolved substance abuse and mental health issues.

Nonetheless, both parents ask that they be granted additional time to participate in the recommended substance abuse treatment. Neither parent has substantially participated—let alone completed—substance abuse treatment, they have not provided any drug screens, and they have not participated in mental health treatment. The parents' past performance does not bode well for their claims of future effort. *See In re Marriage of Hoffman*, ___ N.W.2d ___, ___, 2015 WL 2137550, at *15 (Iowa May 8, 2015) ("The best predictor of what someone will do tomorrow is what he or she did yesterday."). Moreover, they have attended less than forty percent of offered visits. We agree with the juvenile court's findings:

> [The parents] have refused to make the changes in their lifestyle which would assist them in being able to parent the child. Because of the parents' refusal to engage in services, chaotic lifestyle choices and on-going substance abuse concerns, the child cannot be returned to the care of either parent. Clear and convincing evidence exists that if the child were returned to the care of [either parent], the child would be placed at imminent risk of further abuse or neglect, and any additional period of rehabilitation would not correct the situation. Deferring permanency is not in the child's best interests. The parents have not demonstrated any meaningful

---

[1] A child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new CINA adjudication or without remaining a CINA. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992); *In re R.R.K.*, 544 N.W.2d 274, 277 (Iowa Ct. App. 1995).

efforts that would cause the court to believe the child could be returned to their care in the next six months.

We add, to have a child born with an illegal drug in their body caused by the illicit drug usage of one or both parents, and then for the user-parent or parents to fail to subsequently complete substance abuse treatment or make significant progress toward that end, reflects an utter lack of motivation or ability to become a responsible parent. Because we have no confidence an extension of time would result in either parents' sobriety or the child being able to be returned to their care, we agree with the juvenile court that an extension of time is unwarranted. *See In re J.B.L.*, 844 N.W.2d 703, 706 (Iowa Ct. App. 2014) ("[T]he court may continue placement of the child for an additional six months if the need for removal will no longer exist at the end of this period.").

*B. Termination is in the child's best interests.* The child is thriving in the foster home, where he has been placed since he was just a few weeks old. The foster parents have expressed a desire to adopt the child. We find that "[b]ecause of the child's age, the parents' lack of participation in services, history of substance abuse, chaotic lifestyle choices and parental unavailability," termination of parental rights and adoption will best provide for the child's long-term safety and growth. *See* Iowa Code § 232.116(2); *see also A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing Justice Cady's concurring opinion in *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006), which states the "defining elements in a child's best interest" are the child's safety and the "need for a permanent home").

*C. No factor weighs against termination.* The father contends termination of his rights should be avoided "due to the parent-child bond." The record does

not establish "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." *See id.* § 232.116(3)(c). Finding no factor in section 232.116(3) that precludes termination of the father's parental rights, we affirm the juvenile court's order.

**AFFIRMED ON BOTH APPEALS.**