**IN THE COURT OF APPEALS OF IOWA**

No. 14-2173
Filed August 5, 2015

**IN THE INTEREST OF C.C.,**
**Minor Child,**

**C.C., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Dubuque County, Thomas J. Straka, Associate Juvenile Judge.

A father appeals from an order terminating his parental rights. **AFFIRMED.**

Dustin Baker of Baker Law, Dubuque, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Ralph Potter, County Attorney, and Joshua A. Vander Ploeg, Assistant County Attorney, for appellee State.

Gina Kramer of Reynolds and Kenline, L.L.P., Dubuque, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

A father appeals from a January 20, 2015 order terminating his parental rights to his child pursuant to Iowa Code section 232.116(1)(e), (g), and (h) (2013). When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the paragraphs to affirm. *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The father was charged and jailed on December 29, 2013, due to an incident of domestic abuse assault by the father against his parents. The child C.C., born August 2013, remained in the care of the mother until March 6, 2014, when she was removed from the mother's custody after a drug screen indicated the child had been exposed to THC.[1] C.C. was adjudicated a child in need of assistance (CINA) on May 1, 2014. The father is currently incarcerated having been released for about two months during the course of the juvenile court proceedings.[2] He testified he hopes to be released in November 2015 but has a tentative discharge date of 2017.

Termination may result under section 232.116(1)(h) where all the following have occurred: (1) the child is three years of age or younger; (2) the child has been adjudicated CINA pursuant to section 232.96; (3) the child has been

---

[1] The mother has had her parental rights terminated as to three other children; one of those children was a child of this father. The mother consented to the termination of her parental rights to this child.

[2] On May 27, 2014, the father was released to a half-way house, where he was participating in mental health counseling and substance abuse treatment. In July, he was employed, and he visited with the child during the child's scheduled visits with the mother. Unfortunately, on July 28, he tested positive for THC, and on July 30, he absconded from the facility. He was arrested and returned to jail on August 5.

removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days; and (4) there is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time. There is clear and convincing evidence to support the termination of the father's parental rights under this section—the child is under three years of age, has been adjudicated CINA, has been out of the parents' custody for six consecutive months, and cannot be returned to the father's custody at the time of the termination hearing.

On appeal, the father argues the State did not make reasonable efforts to reunify him with his child. This claim was not made to the juvenile court and is thus not properly before us. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) (noting that if a parent does not request additional services at the appropriate time, the argument that the department did not make reasonable efforts is waived, and the parent may not later challenge it in the termination proceeding).

At the termination hearing, the father asked that the court grant an extension of time for him to work toward reunification.[3] Iowa Code section 232.104(2)(b) allows the option of continuing placement for six months if, at the end of the additional period, "the need for removal of the child from the child's home will no longer exist." *See In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005). The juvenile court did not err in denying the extension here. The

---

[3] The father concedes the child has been out of the parents' custody in excess of the statutory time period but argues case law "contemplates a much longer period of time." We disagree. Our case law emphasizes that "[t]ime is a critical element." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000).

termination order was entered in January 2015, and even assuming the father will be released from prison upon his expected release date in November 2015, this date falls beyond the allowable extension period. Moreover, the father would require an extended period of time to establish he is capable of providing sober, safe, and stable parental care upon his release from prison. We agree with the juvenile court that an extension was not in the child's best interests.

The child has been removed from parental custody for more than the statutory time frame and has been integrated into the foster home. Termination of the father's parental rights and adoption will best provide for the "long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *See* Iowa Code § 232.116(2). Because grounds for termination of the father's parental rights exist and because an extension of time is not warranted here, we affirm.

**AFFIRMED.**