**IN THE COURT OF APPEALS OF IOWA**

No. 4-035 / 13-1995
Filed February 19, 2014

**IN THE INTEREST OF J.B.L.,**
**Minor Child,**

**Q.S., Father,**
   Appellant.

_____

Appeal from the Iowa District Court for Union County, Monty W. Franklin, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Diana L. Rolands of Rolands Law Office, Osceola, for appellant father.

Jane Orlanes of Orlanes Law Office, P.L.C., Clive, for mother.

Thomas J. Miller, Attorney General, Kathrine Miller-Todd, Assistant Attorney General, and Timothy R. Kenyon, County Attorney, for appellee State.

Patrick W. Greenwood, Lamoni, for minor child.

Considered by Vogel, P.J., Tabor, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

A father appeals the termination of his parental rights to his child. He contends the State failed to prove the grounds for termination by clear and convincing evidence. He also contends termination is not in the child's best interests. Finally, he asks for additional time to have the child returned to his care. We review his claims de novo. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

The child was removed from the mother's care after testing positive for drug exposure at birth in December 2012. The father was not identified until paternity testing was conducted in April 2013, after the two men the mother first named as potential fathers were excluded. The father has been incarcerated since May 2012 and has no relationship with the child.

The State filed its petition to terminate the father's parental rights in August 2013. The termination hearing was held in October 2013. The following month, the juvenile court filed its order terminating the father's parental rights.

**I. Ground for Termination.**

The juvenile court terminated the father's parental rights pursuant to Iowa Code sections 232.116(1)(b), (d), (e), (h), and (i) (2013). The father challenges the sufficiency of the evidence supporting termination under each of these subparts. However, we need only find termination appropriate under one of these sections to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Termination may be had under section 232.116(1)(h) where the following have occurred:

> (1) The child is three years of age or younger.
>
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father only contests the sufficiency of the evidence establishing the child has been removed from the parents' physical custody for at least six of the last twelve months or for the last six consecutive months. He argues this requirement was not met because he was not made aware of his paternity until May 2013 and the termination hearing was held only five months later. It does not appear this issue was properly raised below, and the juvenile court did not address it in its order terminating parental rights. Therefore, error has not been preserved for our review. *See In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994) ("As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal.").

Even if error was preserved, we find the father's claim is without merit. The child has been in the Iowa Department of Human Services' custody since December 2012. In a factually similar case where the father was contesting the six-month element of section 232.116(1)(h)(3) our court stated as follows:

> As to the third element, he argues that because he had only been proved to be S.D.'s father on April 15, 2011, five months prior to the termination hearing on September 14, 2011, S.D. had only been removed from him that period of time and not the required six months. Section 232.116(1)(h)(3) speaks of a child's removal from the "physical custody" of the parents. Pursuant to the juvenile court's orders, since March 3, 2011, S.D. has been continuously removed from her parents, placed in the legal custody of the DHS,

and placed in a foster family home. At all times the father was the biological father of S.D. He simply was not adjudicated the father until the decree or order was entered reaching this conclusion. Iowa Code section 232.116(1)(h) does not require the six month period to begin upon being adjudicated the father. . . . Here, we believe that the State may rely upon the evidence that S.D. was never in the father's custody before paternity was established to satisfy the six month requirement in section 232.116(1)(h). We conclude the State proved the third element by clear and convincing evidence.

*In re S.D.*, No. 11-1597, 2011 WL 6086332, at *3 (Iowa Ct. App. Dec. 7, 2011).

Therefore, we conclude this element has been established.

**II. Best Interests.**

The father next contends termination is not in the child's best interests. In making the best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

We find termination is in the child's best interests. The father has been incarcerated since the child was born and has no relationship with the child. The earliest the father would be released from prison was December 2013, at which time he testified he would be in a work release/supervised living program for one to three months before discharge. The juvenile court found the earliest the father would be available to parent the child would be four to six months after the termination hearing and based on the father's history of criminal behavior, alcohol and substance abuse, and mental health concerns, it would be unlikely the father could immediately resume care for the child. We agree. The father has a prior child endangerment conviction based on his failure to supervise

another child after a night of drinking. His history of criminal activity led to his incarceration from August 2010 until June 2011, and then again from May 2012 until the time of termination. This history casts doubt on the father's ability to safely parent this child. *See In re J.E.,* 723 N.W.2d 793, 798 (Iowa 2006) (noting that in making the best-interests determination, we look to the parent's past performance because it may indicate the quality of care the parent is capable of providing in the future).

In contrast, the child has been in the same foster care placement his entire life. His foster parents are the only parents he has ever known, he is bonded with them and looks to them to provide his needs, and they wish to adopt him. *See* Iowa Code § 232.116(2)(b)(1) (providing that in determining the child's best interests, the court may consider a child's integration into the foster family "to the extent that the child's familial identity is with the foster family, and whether the foster family is able and willing to permanently integrate the child into the foster family"). The child deserves and needs the stability and permanency they offer.

### III. Additional Time.

Finally, the father asks for additional time to prove he can parent the child. Under Iowa Code section 232.104(2)(b), the court may continue placement of the child for an additional six months if the need for removal will no longer exist at the end of this period. *See also* Iowa Code § 232.117(5) (providing that the court may enter an order in accordance with the provisions of section 232.104 if parental rights are not terminated following the termination hearing). As stated above, clear and convincing evidence shows that even if the father's parental

rights were not terminated, he would be unable to safely parent the child within six months of the termination hearing.

We affirm the order terminating the father's parental rights.

**AFFIRMED.**