IN THE COURT OF APPEALS OF IOWA

No. 14-0934
Filed September 17, 2014

**IN THE INTEREST OF Z.G.,**
  **Minor Child,**

**H.G., Mother,**
  Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District

Associate Judge.


A mother appeals from termination of her parental rights.  **AFFIRMED.**


Andrew J. Tullar of Tullar Law Firm, P.L.C., Des Moines, for appellant.

Tammy Westhoff Gentry, Des Moines, guardian for appellant.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney

General, John P. Sarcone, County Attorney, and Susan Cox, Assistant County

Attorney, for appellee.

Karl Wolle of Juvenile Public Defender's Office, Des Moines, attorney and

guardian ad litem for minor child.


Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

A mother appeals from the order terminating her parental rights to one child, Z.G., under Iowa Code sections 232.116(1)(d), (h), and (k) (2013). She contends the evidence failed to prove the statutory grounds to terminate, and the department of human services (DHS) failed to make reasonable efforts toward reunification. We find sufficient evidence to terminate under section 232.116(1)(h). We further find the mother failed to preserve error on her reasonable efforts argument. We affirm.

## I.  BACKGROUND FACTS AND PROCEEDINGS.

Z.G. first came to the attention of DHS when he was born in April 2013 testing positive for methamphetamine and marijuana. The mother has a long history of substance abuse and mental health issues and admitted she used methamphetamine while pregnant. The court removed Z.G. from her care shortly after his birth and placed him with a foster family where he has remained throughout the child in need of assistance (CINA) proceedings. The juvenile court adjudicated Z.G. CINA under Iowa Code sections 232.2(6)(b),[1] (c)(2),[2] (n),[3] and (o).[4]

After Z.G.'s removal, DHS began providing services to the mother including substance abuse evaluations; substance abuse treatment; drug

---

[1] The child's parent "has physically abused or neglected the child, or is imminently likely to abuse or neglect the child."

[2] The child "has suffered or is imminently likely to suffer harmful effects as a result of" the parent's failure "to exercise a reasonable degree of care in supervising the child."

[3] The child's parent's "mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care."

[4] The child's body has "an illegal drug present as a direct and foreseeable consequence of the acts or omissions" of the child's parent.

screens; visitation; paternity testing; individual therapy; mental health services; and family safety, risk, and permanency (FSRP) services. DHS and FSRP providers report the mother's erratic behavior and arrest history have diminished her ability to utilize these services and attend visitations. In June 2013, the mother was arrested for trespass. In November, she was arrested for harassment in the first degree and disorderly conduct. She remained in jail on those charges until January 2014. On February 13, 2014, she was arrested for trespass. Then on February 15, she was arrested for felony burglary and multiple assaults. She remained incarcerated on those charges throughout the remainder of the CINA and termination proceedings.

The mother has never submitted to drug testing for DHS, but she has admitted that her abuse of drugs has been ongoing throughout the case, including relapses after seeking treatment. She has repeatedly and throughout the case sought treatment at House of Mercy, MECCA, and Broadlawns. She has not successfully completed a course of treatment. Because of the dual diagnosis of mental health and substance abuse problems, DHS attempted to enroll the mother in services that address both issues. The DHS worker acknowledged that the availability of those services is more limited but stated the mother did not utilize them when DHS made them available to her. The mother did attend a program through Broadlawns involving more comprehensive treatment of both mental health and substance abuse issues. However, although she attended the mental health component, she did not follow up and complete the substance abuse component. During the part of the program she did attend,

the counselor reported to DHS that her attendance was inconsistent. The DHS and FSRP workers testified that the mother has been mentally stable only when she is in treatment or in jail, places where she takes her medication regularly.

The mother has had three different FSRP workers during this case. The first worker was removed from the case after a June 2013 visitation at which the mother threatened and assaulted the FSRP worker. The mother also made comments about breaking into the foster parents' home to see or remove the child. After this incident, the court entered a no-contact order prohibiting the mother from having contact with the FSRP worker and the foster parents. In October, the mother threatened a second FSRP worker, who also was removed from the case. Since the October incident, DHS has stopped visitation due to safety concerns, and visitation has not resumed due to the mother's incarcerations and hospitalizations. Visitation has always been supervised, and the mother's attendance was sporadic.

DHS reported to the court that the mother has not met any of their expectations for reunification. The FSRP worker did not think Z.G. could be returned to her care because her mental health and substance abuse issues made her too unstable to parent him safely. At the termination hearing in March 2014, the mother was still incarcerated. The juvenile court ordered her parental rights terminated under Iowa Code sections 232.116(1)(d), (h), and (k). The mother appeals contending the evidence failed to prove the statutory grounds to terminate, and DHS failed to make reasonable efforts toward reunification.

## II.  STANDARD OF REVIEW.

We review termination of parental rights proceedings de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them.  *Id.*  Our primary consideration is the best interest of the child. *Id.* at 776.

## III.  ANALYSIS.

### A.  Statutory Grounds for Termination.

The mother contends there was insufficient evidence to terminate under the statutory grounds.[5]   We will uphold an order terminating parental rights

---

[5] We note that the petition to terminate parental rights alleged termination was appropriate under Iowa Code sections 232.116(1)(h), (k), and (*l*).  The juvenile court made no finding regarding section (*l*) but found sufficient grounds to terminate under sections (d), (h), and (k).

The petition to terminate did not seek termination under section 232.116(1)(d) and we find no evidence of a previous adjudication as required in 232.116(1)(d)(1).  A summary of selected clauses of each subsection of 232.116(1) helps illustrate the significance of the requirement for a previous adjudication under (d):

    (a) Parent's consent
    (b) Child has been abandoned or deserted
    (c) Newborn infant voluntary released
    (d) Court **previously adjudicated** CINA, parents offered or received services, circumstance continues to exist
    (e) Child **has been adjudicated** CINA, removed for statutory time, parents lack significant and meaningful contact
    (f) Child four years or older **has been adjudicated** CINA, removed for statutory time, cannot be returned
    (g) Child **has been adjudicated** CINA, court has terminated as to another child of family, parent unable or unwilling to respond to services, additional delay would not correct
    (h) Child three years or younger **has been adjudicated** CINA, removed for statutory time, cannot be returned
    (i) Child meets CINA definition based on abuse or neglect, significant risk to life or imminent danger, services would not correct in reasonable time.
    (j) Child **has been adjudicated** CINA, parent imprisoned for crime against child and unlikely to be released for at least five years,

where there is clear and convincing evidence of the statutory grounds for termination. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence. *Id.* When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm. *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). Here, we focus on the evidence related to the court's termination of the mother's parental rights under Iowa Code section 232.116(1)(h).[6]

The mother contends she "could receive treatment for both her mental health and substance abuse needs such that she would be at least minimally adequate and [Z.G.] could be returned to her care." At the time of the termination hearing, the mother was in jail on felony charges. She had not successfully completed mental health or substance abuse treatment, even though Z.G. initially

(k) Child *has been adjudicated* **CINA**, parent with mental illness and dangerous, prognosis prevents return of child in reasonable time
(l) Child *has been adjudicated* **CINA**, parent with severe substance abuse and dangerous, and prognosis prevents return of child in reasonable time
(m) Child *has been adjudicated* **CINA**, parent convicted of felony and imprisoned for abuse or neglect of child
(n) Child *has been adjudicated* **CINA**, parent convicted of specified child endangerment crimes, imminent danger to child
(o) Parent convicted of felony sex offense on minor, other circumstances, minimum confinement of at least five years

From the foregoing it is clear that subsection (1)(d) was tailored by the legislature to allow termination without a current CINA determination, instead based on a previous adjudication, where services were offered and circumstances continue to exist. In the present case there was no allegation or evidence of a previous adjudication.

[6] To terminate parental rights under Iowa Code section 232.116(1)(h), the State must show by clear and convincing evidence the child is three years old or younger, has been adjudicated a child in need of assistance, has been removed from the parent's care for at least the last six consecutive months or at least six of the last twelve months, and cannot be returned to the parent's custody at the time of the termination hearing.

was removed for having drugs in his system when he was born. She was unsuccessful at taking her mental health medications regularly without the structure of a treatment facility or jail. When not in such a rigid structure, she would relapse into drug use, which exacerbated her mental health issues. This often resulted in her getting arrested. The DHS and FSRP workers did not think the mother had made much progress and did not think Z.G. could be returned to the mother's care without risking his safety. There is no evidence that when she is released from jail the mother will have housing, employment, a car, or a driver's license. She also will have a long uphill climb for sobriety and mental stability. The evidence is clear and convincing that at the time of the hearing Z.G. could not have been returned to the mother's custody. Z.G. was removed from her care when he was just days old and has spent the intervening time—about eleven months—continuously in the care of the foster parents. We conclude the evidence is sufficient to terminate the mother's parental rights under section 232.116(1)(h).

### B. Reasonable Efforts.

Prior to termination of parental rights, DHS must make reasonable efforts to reunite the parent and child. Iowa Code § 232.102(7); *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). Reasonable efforts are not, however, a "strict substantive requirement of termination." *C.B.*, 611 N.W.2d at 493. Although the State has an obligation to provide reasonable services, the parent has an obligation to demand different or additional services The parent may require prior to the termination hearing. *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). If a

parent does not request additional services at the appropriate time, the argument that DHS did not make reasonable efforts is waived, and the parent may not later challenge it in the termination proceeding. *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002).

The mother contends DHS failed to provide her adequate mental health and substance abuse treatment services. Although she acknowledges she made no specific request for different or additional services, she asserts "the action taken by [her] attorney to get her into a treatment evaluation should be considered a request for services that puts all other parties on notice that the services were requested." Such efforts by the attorney, while commendable, do not constitute a request to DHS or to the court for additional services. If the mother herself was unable to make such requests, her attorney could have done so on her behalf. Because no such request was made, the mother cannot challenge DHS's efforts on appeal.

## IV. CONCLUSION.

Because we find the evidence supports termination under section 232.116(1)(h), and the mother waived the argument DHS failed to make reasonable efforts toward reunification, we affirm the order terminating her parental rights.

**AFFIRMED.**