# IN THE COURT OF APPEALS OF IOWA

No. 15-1308
Filed September 10, 2015

**IN THE INTEREST OF D.L.,**
**Minor Child,**

**D.L., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Story County, Stephen Owen, District Associate Judge.

A father appeals the termination of his parental rights to his child, D.L. **AFFIRMED.**

Shawn Smith of Shawn Smith, Attorney at Law, P.L.L.C., Ames, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Kathryn K. Lang, Assistant Attorneys General, Stephen Holmes, County Attorney and Shawna Johnson, Assistant County Attorney, for appellee State.

Shannon M. Leighty of the Public Defender's Office, Nevada, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

A father appeals the termination of his parental rights to his child, D.L.

**I. Factual and Procedural Background**

D.L. was born on May 1, 2013. She came to the attention of the Iowa Department of Human Services (DHS) on August 8, 2014, following an allegation of child abuse. The parents' home was found to be unsafe for the child—it was infested with cockroaches, it had no running water, and both parents were using methamphetamine. D.L. was removed from the parents' care.

On August 29, 2014, D.L. was returned to the father's care under protective supervision pursuant to a safety plan by DHS. However, D.L. was again removed from the father's care on September 4, 2014, when the father's home was found to have degraded back to its previous unsafe condition. The child was placed with her maternal grandmother. She was adjudicated a child in need of assistance (CINA) by stipulation of the parties on November 17, 2014.

Following the CINA adjudication, the father participated in visitation with the child. The record shows the visitations were in some ways positive, and the father showed genuine affection for the child. However, he was often late to visitation, he sometimes cancelled at the last minute, he often did not engage with D.L. because he was tired, and he even sometimes fell asleep. On two occasions he provided diapers and wipes, but he has not otherwise provided financially or otherwise for the physical needs of the child since she has been in her grandmother's care.

The father has not maintained stable housing. He moved several times throughout the CINA proceedings, living with friends and relatives around Story

County. He reported to DHS on several occasions he had secured an appropriate residence for himself and the child, but he never moved into the residence he described. He eventually stopped discussing the topic with DHS. At the time of the termination hearing, the father's living situation was unknown, and his counsel was unable to locate him. The father did not attend the termination hearing.

The father's initial drug screening in August of 2014 returned positive results for amphetamine and methamphetamine. Another screening in April of 2015 returned positive results for marijuana and methamphetamine. Following the April screening, it was recommended the father enter in-patient treatment for his substance abuse issues. He refused to do so. The father also declined six requests for additional drug screenings between August of 2014 and the termination hearing.

The juvenile court terminated the father's rights to D.L. on July 15, 2015, pursuant to Iowa Code sections 232.116(1)(e) and (h) (2015).[1] The father appeals.

**II. Standard of Review**

We review an order terminating parental rights de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

**III. Discussion**

When reviewing a termination order, we undertake a three-step analysis. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). First, we determine "if a ground for

---

[1] The mother's rights were also terminated under Iowa Code sections 232.116(1)(a), (e), and (h). She does not appeal.

termination exists under section 232.116(1)." *Id.* Second, we consider whether termination is in the child's best interests pursuant to section 232.116(2). *See id.* Third, even if termination is otherwise proper, we may decline to do so if the mitigating factors of section 232.116(3) dissuade us. *See id.*

Facts supporting termination must be established by clear and convincing evidence. *See* Iowa Code § 232.117(3). "Evidence is 'clear and convincing' when there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

As to the first step in our analysis, the juvenile court relied upon multiple statutory grounds to support its termination order. We may affirm if we find any one of them supports termination. *See In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). The father contests the juvenile court's reliance on Iowa Code section 232.116(1)(e) on two bases: he has maintained significant and meaningful contact and he has made reasonable efforts to resume care in light of his low functioning.[2] However, the father has not contested the juvenile court's reliance on Iowa Code section 232.116(1)(h). We find section 232.116(1)(h)

---

[2] The State responds to the father's argument regarding reasonable efforts as though the father were requesting this court grant him six additional months to make additional efforts to prevent termination. On our reading of the father's petition on appeal, we conclude his argument about the juvenile court's denial of his request for six additional months relates only to whether he was given an opportunity to resume care as contemplated in Iowa Code section 232.116(1)(e)(3). Insofar as the father's petition on appeal may be read to request six additional months, we reject that request. The father has made no significant progress in complying with DHS recommendations since D.L. was removed from his care. He still has no stable residence and refuses to participate in drug screenings or treatment. There is no evidence his behavior will change if he is granted six additional months.

does support termination. Section 232.116(1)(h) provides the juvenile court may terminate a parent's rights to a child if all of the following have occurred:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months . . . .
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

D.L., born in May of 2013, is now two years old. She was adjudicated CINA on November 17, 2014. She has been removed from the father's care since September 4, 2014, more than ten months prior to the termination hearing. She cannot be returned to her father's care because his whereabouts were unknown at the time of the termination hearing, he does not have suitable housing, and he has refused to address his substance abuse issues. The juvenile court properly relied on Iowa Code section 232.116(1)(h) to terminate the father's parental rights.

We next consider whether terminating is in the child's best interests, giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *See* Iowa Code § 232.116(2). It is clear D.L. needs a safe and suitable placement soon. Placement with her father is not currently possible and would expose D.L. to unsafe conditions in which her physical, mental, and emotional needs could not be met. It is in D.L.'s best interests to terminate her father's rights to allow her to enter a permanent placement as soon as possible.

The father asserts the mitigating factor found in Iowa Code section 232.116(3)(c)[3] should dissuade us from terminating his parental rights. He asserts he "and D.L. have a strong bond that has been maintained during the pendency of the underlying child in need of assistance proceeding." We acknowledge the father appears to demonstrate genuine affection for D.L. during visitation. However, the child is young and nothing in the record suggests termination would be detrimental to her. *See* Iowa Code § 232.116(3)(c). We find the considerations of section 232.116(3) do not overcome our best-interests determination.

Iowa Code section 232.116(1)(h) supports termination of the father's parental rights. Termination is in the child's best interests. We affirm.

**AFFIRMED.**

---

[3] "The court need not terminate the relationship between the parent and child if the court finds . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). We find none of the other factors found in section 232.116(3) are relevant on the facts of this case.