**IN THE COURT OF APPEALS OF IOWA**

No. 15-1476
Filed November 12, 2015

**IN THE INTEREST OF P.S.,**
**Minor Child,**

**P.S., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Linda A. Hall of Linda Hall Law Firm, P.L.L.C., Cedar Falls, for appellant father.

Andrew Abbott of Abbott Law Office, P.C., Waterloo, for mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Melissa Anderson-Seeber of the Juvenile Public Defender's Office, Waterloo, for minor child.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

A father appeals the termination of his parental rights.[1]  He contends no statutory grounds for termination exist.  In the alternative, the father argues he should have been granted an additional six months to seek reunification.  He also contends termination need not occur because the child is placed with a relative.

We review termination proceedings de novo.  *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  P.S. was born in April 2013.  This family came to the attention of the department of human services (DHS) in July 2014 due to concerns of parental drug use and domestic violence.  In August 2014, the child was voluntarily placed with the paternal grandparents.  On November 21, 2014, the child was adjudicated a child in need of assistance (CINA) and was placed in the custody with DHS.[2]  The adjudication order noted the father had a lengthy history of substance abuse (he reported first using marijuana at age nine and methamphetamine at age thirteen).  He had previously participated in inpatient and outpatient substance abuse programming.  The father was ordered to complete substance abuse and mental health evaluations, follow any recommended treatment, and comply with random drug testing.

The father was jailed in September 2014 and charged with failure to appear, eight forgery charges, theft in the second degree, and possession of drug paraphernalia. He reported at a December family team meeting that he was hoping to be accepted into drug court—he was not.  On February 6, 2015, the father was sent to the Iowa Medical Classification Center.  On April 7, 2015, the

---

[1] The mother's parental rights were also terminated.  She does not appeal.
[2] On appeal, the father claims there has been no "removal" from his custody because the child was voluntarily placed with the grandparents.

father participated in a dispositional review hearing by telephone, and in the dispositional review order, the court noted the father was in prison and would be unavailable for "the next several months, at least." A permanency order was entered on May 19, 2015. The father was still in prison and unavailable to parent the child.

A petition to terminate parental rights was filed June 16, 2015. At the August 6, 2015 termination hearing, the father testified he hoped to be paroled in the near future, had completed a substance abuse evaluation and a mental health evaluation while incarcerated, and was involved with substance abuse programming (AA) in the institution. He stated he would participate in court-ordered services upon his release and requested additional time to seek reunification.

On August 19, 2015, the juvenile court entered an order terminating the father's parental rights pursuant to Iowa Code section 232.116(1)(e), (h), and (*l*) (2015). The court rejected the father's request for additional time, finding:

> [The father] has been using illegal substances since he was nine years of age. [He] has had the opportunity to participate in numerous substance abuse treatment programs and make the changes in his life that would allow him to be a parent for his child. [The father] has chosen to not make the changes required. [He] remains incarcerated and unavailable to his child. [The father] believes he will be eligible for parole in October, 2015, however, this remains uncertain. Case history records are entitled to much probative force when a parent's record is being examined. *In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993). [The father]'s history is not supportive of his assertions.
>         . . . [The father]'s request that the court defer permanency an additional six months pursuant to Iowa Code section 232.104(2)(b), so he can have additional time to make the changes to have the child returned to his care is clearly not in the child's best interests. Further, based upon the father's history of substance abuse, history of unavailability and instability and services offered through the

Department of Human Services, the court finds that it would be extremely unlikely that the child could be returned to the care of [the father] in six months.

The juvenile court found the child was doing well and was integrated into the home of the grandparents, who expressed a desire to adopt the child. The court concluded termination and adoption would best ensure the child's safety and long-term nurturing and growth needs. The father appeals.

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported in the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Iowa Code section 232.116(1)(h) provides termination may be ordered when the child is three years of age or younger, has been adjudicated a CINA, has been removed from the physical custody of the parent for at least six of the last twelve months, and cannot be returned to the parent's custody at the time of the termination hearing. The father contends because the child was voluntarily placed with the grandparents, the child has not been "removed" from custody. This is not correct. The adjudication order removed the child from the parents' custody and placed her in the custody of DHS. Section 232.116(1)(h) has been proved.

The father argues he is participating in substance abuse programming and should be allowed an additional six months. In order to continue placement for an additional six months, Iowa Code section 232.104(2)(b) requires the juvenile court be able to make a determination the need for removal will no longer exist at the end of the extension. We agree with the juvenile court that in light of the father's long history of substance use and previous treatment history, his ability to remain substance free in a controlled environment does not translate into

confidence that he can do so upon his release. Moreover, once DHS became involved, the father did not participate in services or exercise visitation that may have permitted a flicker of hope. We are not convinced an extension of time would result in the child being able to be returned to the father's care within six months. *See In re J.B.L.*, 844 N.W.2d 703, 706 (Iowa Ct. App. 2014) ("[T]he court may continue placement of the child for an additional six months if the need for removal will no longer exist at the end of this period.").

Finally, the father contends termination may be avoided because the child is placed with relatives. However, Iowa Code section 232.116(3)(a) allows a court to defer termination if a child is placed in the legal custody of a relative. *See A.M.*, 843 N.W.2d at 113. The child is in the legal custody of DHS, and thus section 232.116(3)(a) is not applicable. The child has become integrated into the grandparents' home, and they desire to adopt the child. We affirm the termination of the father's parental rights.

**AFFIRMED.**