**IN THE COURT OF APPEALS OF IOWA**

No. 16-0320
Filed April 27, 2016

**IN THE INTEREST OF M.Q.,**
**Minor Child,**

**R.Q., Father,**
      Appellant,

**J.A.-Q., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A father and mother appeal separately from the order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Meegan M. Langmaid-Keller of Keller Law Office P.C., Altoona, for appellant father.

Larry Jon Pettigrew of Pettigrew Law Firm P.C., Newton, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A father and mother appeal separately from the order terminating their parental rights. The father claims clear and convincing evidence does not support the decision and termination is not in the best interests of the child. The mother claims the court erred in failing to return the child to her care, grant the mother an additional six months, or rule on the mother's progress at the permanency hearing; she also claims termination is not in the child's best interests. We affirm the juvenile court order.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's and father's parental rights; we adopt the findings of fact and conclusions of law as our own.

### A.    Grounds for Termination

The juvenile court terminated the mother's and father's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), (h), (i), and (*l*) (2015). Only the father challenges the termination of his parental rights pursuant to section 232.116(1), and he does so in a questionable fashion by contesting every section used to terminate his parental rights without stating specifically how termination is improper under each contested section. Regardless, we find termination is proper under section 232.116(1)(h). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground

we find supported by the record.  *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Termination is appropriate under section 232.116(1)(h) where the State proves

the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

In finding termination was appropriate under (h) the juvenile court

reasoned:

> [M.Q.] was born June 30, 2014, is three years of age or younger, and was adjudicated in need of assistance pursuant to Iowa Code Section 232.96 on February 20, 2015.  He was removed from his mother's care on January 27, 2015 and from his father's care on March 12, 2015.  He has been removed from his parents' care for the last six consecutive months and there have been no trial periods at home.  Given the mother's CINA [(child in need of assistance)] history with her other children dating back to 2013, the parents' continued and repeated relapses, the parents' lack of honesty and manipulation, the mother's present incarceration, and the failure of either parent to progress beyond supervised visits, the child cannot be returned to the custody of the parents at the present time or in the immediate future.

Additionally, we find M.Q. could not be returned to his father's care at the time of

the termination proceeding due to a lack of evidence the father was not using

illegal substances—he admitted to drug use two weeks prior to the permanency

hearing in September—and no evidence was provided at the termination hearing

of the father's substance abuse treatment progress, his brother (who had been

convicted for manufacturing methamphetamine) was recently paroled to the

father's house and was not approved to be around M.Q., the father's unresolved issues with domestic violence, and the fact the father had never cared for M.Q. on his own for more than the two-hour supervised visits. We find clear and convincing evidence supports the termination of the father's parental rights.

The mother claims the court should have returned M.Q. to her care while she resided at the inpatient treatment facility, the court should have ruled on her rehabilitation progress, or the court should have granted her additional time to work toward rehabilitation with M.Q. In its order on permanency, the court reasoned:

> Placement outside the parental home is necessary because a return to the home would be contrary to the child's welfare. The mother has been involved with the DHS [(Department of Human Services)] and CINA proceedings for more than two years. Her involvement has been exclusively due to drug use. Yet after two years, she has continued to relapse, continued to use drugs, and not progressed beyond supervised visits. She has had three children removed and still continued to use drugs. Her most recent use was four weeks before the permanency hearing, as she was "high" when she reported to the treatment facility.
> . . . .
> [T]he mother has had only one month of sobriety after more than two years of drug use and failed treatment opportunities, and the father has only two weeks of sobriety. The parents have not progressed beyond supervised visits and the parents' manipulative behavior only two weeks before the Permanency Hearing suggests the parents are not at a point where M.Q. can be safely returned to their care. The facility itself may be safe and secure but the Court does not find that the parents are or that M.Q. will be, if returned to the parents at this time.

We agree with the juvenile court and find it properly declined to place M.Q. in the residential treatment facility, with his mother, due to the mother's short-term positive progress and history of substance abuse. We also find the court

properly declined to grant the mother additional time to work toward rehabilitation.

## B. Best Interests

The mother and father both claim the termination of their parental rights is not in the best interests of the child due to the closeness of the parent-child bond. *See* Iowa Code § 232.116(2), (3). The mother also claims termination is improper due to the child's placement with a relative. *Id.*

In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 37.

While it does not appear these issues were decided below,[1] even if error was preserved, we find the parents' claims are without merit. For the reasons stated above, we believe termination is in M.Q.'s best interests and an exception should not be made pursuant to section 232.116(3). The record shows M.Q.'s relative placement is going well. The relatives have indicated, since October 16, 2015, they are willing to adopt M.Q. M.Q.'s half-siblings were placed with another relative and they are allowed to maintain contact with M.Q. It appears

---

[1] The State claims the mother and father have not preserved error on their "best interest" claims. The juvenile court did not rule on the "best interests" of M.Q. pursuant to Iowa Code section 232.116(2) and, concerning section 232.116(3), the court only considered subsection (a) (relative placement). We find error has not been preserved on mother's and father's claims pursuant to these sections. *See In re J.B.L.*, 844 N.W.2d 703, 705 (Iowa Ct. App. 2014) (finding error was not preserved on claims not ruled upon by the juvenile court and raised for the first time on appeal).

M.Q.'s placement and potential adoption by his relatives is in his best interests and we decline to disrupt this arrangement.

We affirm the juvenile court's termination of the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**