## IN THE COURT OF APPEALS OF IOWA

No. 16-0671
Filed July 27, 2016

**IN THE INTEREST OF K.W., C.W., A.W., and D.W.,**
**Minor Children,**

**A.W., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Jefferson County, William S.

Owens, Associate Juvenile Judge.

A mother appeals from the order terminating her parental rights.

**AFFIRMED.**

Terri L. Quartucci of Quartucci Law Office, Fairfield, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee state.

Stephan H. Small of Stephan H. Small, P.C., Fairfield, for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

A mother appeals the termination of her parental rights to her four children. She contends termination of her parental rights was unsupported by the evidence and is not in the children's best interests due to the parent-child bond. Because the mother did not comply with department of human services (DHS) requirements to complete substance abuse treatment or secure a safe and stable home to which the children could be returned, we affirm the termination of her parental rights.

**I. Background Facts & Proceedings.**

The mother has four children, ages eight, seven, five, and four at the time of the termination hearing on January 6 and 27, 2016.[1] The children were removed from their parents' care on May 7, 2014, after the parents were arrested on charges of domestic assault. Upon responding to the domestic assault altercation, officers smelled a strong chemical odor in the home typically associated with the manufacture of drugs. A search warrant was executed on the residence and no methamphetamine lab was discovered, but officers did find drug paraphernalia.

At the time the children were removed, both parents admitted to using illegal substances, primarily methamphetamine and marijuana. The family home was also observed as very cluttered and dirty. The children were placed in the care of their paternal grandmother. On March 13, 2015, the children were removed from the care of their grandmother because the grandmother permitted

---

[1] The father does not appeal. He is incarcerated with an approximate release date in 2026.

a registered sex offender to live in the home with the children. The children were then placed in foster care.

Throughout DHS involvement, the children reported that while living with both their parents and their grandmother, they witnessed a number of incidents of domestic abuse between their father and mother and saw their parents and other members of the family engage in inappropriate sexual behavior.

Of the greatest concern was the mother's failure to address her substance abuse problem. In the summer of 2015, the mother attended outpatient treatment for approximately six to eight weeks but was unsuccessfully discharged for lack of attendance. The mother later sought treatment at a family residential treatment facility but was denied admission because DHS determined the children would not be relocated and placed with the mother there. The mother then entered a different residential treatment program, but she left after only four to five days because the program was "not a good fit."

The mother also did not consistently attend scheduled visitation times with the children. Although DHS provided weekly supervised visitation, the mother attended only two visits between late October 2015 and January 2016. The mother asserts on appeal she was unable to attend visitation due to DHS's failure to provide her reasonable services. The mother lived approximately an hour drive from the town where visitation was held and was unable to drive. DHS provided gas cards to help pay for travel costs, which the mother accepted.

The children were adjudicated children in need of assistance (CINA) on December 22, 2014. The juvenile court entered an order on April 6, 2016,

terminating the parents' parental rights pursuant to Iowa Code section 232.116(1)(f) (2015). The mother now appeals.

## II. Standard of Review.

We review termination proceedings de novo. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "We give weight to the factual determinations of the juvenile court but we are not bound by them." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa Ct. App. 2006). Grounds for termination under Iowa Code section 232.116 must be proven by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Our primary concern is the best interests of the children. *In re A.B.*, 554 N.W.2d 291, 293 (Iowa Ct. App. 1996).

## III. Analysis.

On appeal the mother contends DHS did not provide reasonable services, the evidence does not support termination of the mother's parental rights, and the exception to termination due to the strong parent-child bond applies.

*A. Reasonable Services.* The mother asserts DHS did not provide reasonable services because it failed to place the children with her in the family residential treatment program, did not provide transportation for the mother to attend visits, and did not always keep the mother informed of the children's medical appointments and extracurricular activities.

"There is a requirement that reasonable services be offered to preserve the family unit." *In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994). Even though DHS may have fallen short in their responsibilities in making visitation arrangements, "the parents have a responsibility to demand services prior to the

termination hearing." *Id.*; *see also In re C.W.*, 522 N.W.2d 113, 117 (Iowa Ct. App. 1994) ("A parent's challenge to services should be made when they are offered."). Because the mother did not request different or additional services until the time of the termination hearing, she may not raise the issue on appeal. *See In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999) ("[The mother] did not demand services other than those provided, and for that reason, the issue of whether services were adequate has not been preserved for appellate review."). By failing to make such a request, the court was unable to rectify the difficulty of which she now complains. We thus advance to the three-step analysis of termination.

*B. Grounds for Termination.* First, we must consider whether grounds for termination under Iowa Code section 232.116(1) have been established. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We need only find termination appropriate under one statutory ground to affirm. *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). Grounds under section 232.116(1)(f)[2] have clearly been established. At the time of the termination hearing, the children were all four years old or older, adjudicated CINA, and out of their parents' care for approximately twenty months.

The mother disputes the finding that the children could not be returned to her care. However, there is clear and convincing evidence that the children could not be returned. At the time of the termination hearing the mother had made little effort to address her substance abuse problem and was not seeking

---

[2] Providing grounds for termination are established where a child age four years or older has been adjudicated CINA and out of the parents' custody for twelve months, and by clear and convincing evidence cannot be returned to the parents' custody.

substance abuse treatment. We understand her desire to go to a treatment center where her children could reside with her, but if she had the best interests of the children at heart, she would have made her best efforts to complete treatment under any circumstances she faced. Therefore, the children could not be safely returned to the mother's care.

*C. Best Interests of the Children.* Second, we must consider whether termination is in the children's best interests. *P.L.*, 778 N.W.3d at 39. This means "the court shall give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code section 232.116(2).

As to the best interests of the children, the juvenile court explained:

Children should not have to wait interminably for a parent to address the issues that brought about the department's involvement and the juvenile court's intervention. The record shows these children are in need of permanency now, and the best way for that to be achieved that will also serve to ensure the children will be protected from the threat of further abuse and neglect is to terminate their parents' parental rights and free them for adoption.

We agree termination of the mother's parental rights is in the best interests of the children. They have already seen too much violence and inappropriate adult activity in their young lives. They deserve safety and stable parenting. Moreover, "once the limitation period lapses, termination proceedings must be viewed with a sense of urgency." *C.B.*, 611 N.W.2d at 495. "We do not gamble with the children's future by asking them to continuously wait for a stable biological parent, . . ." *D.W.*, 791 N.W.2d at 707 (internal citations omitted).

Despite services offered by DHS, the mother took little to no steps toward reunification with her children. The mother made feeble attempts at addressing her substance abuse problem, did not maintain regular visitation with the children, and did not secure a safe and stable living environment. After nearly two years out of the mother's care, the children's best interests are served by termination to allow the children to achieve permanency.

*D. Exceptions to Termination.* Last, we must consider whether any of the section 232.116(3) factors serve to preclude termination. *P.L.,* 778 N.W.2d at 39. Specifically, the mother contends termination will be detrimental to the children due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). Upon consideration of this exception, we adopt the findings of the juvenile court:

> The evidence presented shows that while the [mother] does have an established relationship with the children, there is nothing in the record to support by a clear and convincing standard that a termination of [the mother's] parental rights would be detrimental to the welfare of the children. These children are in need of permanency, and the record shows the best way for that to be achieved is through termination and adoption.

Sadly, the bond did not serve to sufficiently motivate the mother to change her lifestyle even at the eleventh hour. We conclude it does not serve to preclude termination.

**IV. Conclusion.**

Because we find grounds for termination pursuant to section 232.116(1)(f) are established, termination of the mother's parental rights is in the best interests of the children, and no section 232.116(3) exception serves to preclude termination, we affirm the order terminating the mother's parental rights.

**AFFIRMED.**