# IN THE COURT OF APPEALS OF IOWA

No. 17-1285
Filed October 11, 2017

**IN THE INTEREST OF T.J.M., S.J.M., and Z.M.S.,**
**Minor Children,**

**S.M., Mother,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.

　　A mother appeals from the termination of her parental rights to her children. **AFFIRMED.**

　　W. Eric Nelson, Office of the State Public Defender, Cedar Rapids, for appellant mother.

　　Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

　　Melody J. Butz of Butz Law Offices, P.C., Center Point, for minor children.

　　Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

A mother appeals from the termination of her parental rights to her children under Iowa Code section 232.116(1)(f), (h), and (*l*) (2017). The mother contends the State did not prove reasonable efforts were made to achieve reunification with her children. Because we find reasonable efforts were made toward reunification and the children could not be safely returned to the mother's care due to the mother's failure to maintain sobriety, we affirm.

T.M. and S.M. were removed from the mother's care on April 7, 2016, and Z.S. was removed at birth on April 10. Z.S. was born prematurely due to the mother's drug use during her pregnancy and tested positive for methamphetamine at birth. T.M. and S.M. also tested positive for methamphetamine. The mother has failed to maintain sobriety throughout the pendency of this matter and has not progressed past supervised visitation with the children. The mother asserts the Department of Human Services (DHS) did not make reasonable efforts to achieve reunification because DHS failed to assist the mother in finding appropriate substance-abuse and mental-health programs and did not follow up to ensure drug testing of the mother occurred when she moved between hospitals, treatment centers, jail, and the community.

The mother does not directly challenge the grounds for termination but asserts the State did not establish reasonable efforts were made to return the children to the mother's care. "The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). DHS "has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to

demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005).

The juvenile court's orders reflect the mother was advised that she was required to request additional services and the mother did not request additional services, with the exception of transportation to drug testing. In the permanency order entered in March 2017, the court acknowledged the mother's request and ordered DHS to provide bus passes.

The record reflects the mother was provided mental-health and substance-abuse treatment. The mother received a number of services, including five substance-abuse evaluations, participation in three outpatient substance-abuse treatment programs, participation in four inpatient substance-abuse treatment programs, supervised visitation, transportation to visitation, family team meetings, a parent partner, daycare for the children, referrals for mental-health counseling, and drug testing. With respect to reasonable services, the juvenile court found:

> The [DHS] has made reasonable efforts to reunify these children with a parent. Services have been offered to [the mother] . . . , but [her] participation has been inconsistent to nonexistent. The services offered/provided/referred by the Department of Human Services for [the mother] . . . have included visitation, drug testing, substance abuse treatment, mental health treatment, parenting instruction, family team meetings, and FSRP services.
>    The offer of these services has not resulted in any measurable improvement in [the mother]'s ability to safely assume care of her children. While [the mother] voices a willingness to participate in services, her level of cooperation is very surface [level] and her follow through is clearly impaired by her continued use of substances.

In this case, grounds for termination have been established with respect to T.M. under section 232.116(1)(f). At the time of termination, T.M. was four years

old, adjudicated a child in need of assistance (CINA), removed from the mother's care for just over twelve months, and could not be safely returned to the mother's care. Grounds for terminating the mother's parental rights to S.M. and Z.S. were established under section 232.116(1)(h) because S.M. and Z.S. were under the age of three at the time of termination, were adjudicated CINA, were out of the mother's care for just over twelve months, and could not be safely returned to the care of the mother at present. Additionally, as noted above, DHS made reasonable efforts to achieve reunification between the mother and the children, but the mother did not progress to the extent necessary to safely parent the children.

At the time of termination, the mother had failed to complete seven substance-abuse programs and had not maintained sobriety—as indicated by recent positive drug tests. The mother cannot provide a safe and nurturing environment for the children. We conclude there are grounds for termination under section 232.116(1)(f) and (h),[1] no exception or other reason precludes termination under section 232.116(3), and termination of the mother's parental rights is in the children's best interests.

**AFFIRMED.**

---

[1] We will not address whether grounds exist under section 232.116(1)(*l*) because "we need only find termination appropriate under one of [the] sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).