**IN THE COURT OF APPEALS OF IOWA**

No. 18-0092
Filed March 21, 2018

**IN THE INTEREST OF X.S. and B.M.,**
**Minor Children,**

**M.M., Father,**
    Appellant,

**D.W., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Jackson County, Phillip J. Tabor, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their children. **AFFIRMED ON BOTH APPEALS.**

Stephen W. Newport of Newport & Newport, P.L.C., Bettendorf, for appellant father.

Taryn R. McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P., Dubuque, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Scott J. Nelson, Dubuque, guardian ad litem for minor children.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ. Tabor, J., takes no part.

**VOGEL, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to their children. Upon our review of the record, we agree the statutory grounds for termination were met, termination is in the children's best interest, and there are no factors precluding termination. Therefore, we affirm the termination of both parents' parental rights.

## I. Background Facts and Proceedings

B.M., born in 2013, and X.S., born in 2016, came to the attention of the Iowa Department of Human Services (DHS) in August 2016 after the DHS received allegations that B.M.'s father was arrested on drug-related (methamphetamine) charges.[1] In September, the mother tested positive for methamphetamine. B.M. subsequently tested positive for marijuana and methamphetamine. Both B.M. and X.S. were removed from their parents' care in October. B.M. was placed with his paternal grandmother while X.S. was placed with his maternal grandparents.

Services were offered to the father and the mother. Both managed some level of compliance, but the mother was eventually arrested on drug and weapons charges while the father struggled to maintain contact with the DHS and B.M. In January 2017, B.M. was adjudicated a child in need of assistance (CINA), under Iowa Code section 232.2(6)(c)(2), (n), and (o) (2016). X.S. was adjudicated a CINA under section 232.2(6)(c)(2) and (n). In May 2017, B.M. was removed from his placement at his paternal grandmother's home after concerns of domestic violence surfaced. He was then placed with his maternal grandparents. The

---

[1] M.M. is B.M.'s father; D.W. is both children's mother. The juvenile court terminated X.S.'s father's parental rights, and he does not appeal.

mother returned to drug use and was incarcerated prior to the termination hearing. The father was arrested in June 2017 on more drug-related charges and had little contact with B.M until about one month prior to the termination hearing.

The State's petition to terminate both parents' parental rights came on for hearing on December 18, 2017. Both parents' parental rights were terminated as to B.M. under Iowa Code section 232.116(1)(e), (f), and (*l*) (2017). The mother's rights were terminated under section 232.116(1)(e), (h), and (*l*) as to X.S.

Both appeal.

## II. Standard of Review

"We review proceedings terminating parental rights de novo." *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In doing so, we are not bound by the factual findings of the juvenile court, though we do accord them some weight. *Id.*

## III. Father's Appeal

### A. Grounds for Termination

The district court terminated the father's rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*). On appeal, the father asserts the State failed to prove each ground by clear and convincing evidence. The State asserts it proved the statutory grounds for termination under (e) and (f) by clear and convincing evidence. It does not advance an argument with respect to paragraph (*l*). The district court relied upon multiple statutory grounds to support its termination order, but we may affirm if we find any one of them is supported by clear and convincing evidence. *See In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). We, therefore, limit our analysis to paragraph (f).

The father concedes the State has proven the first two prongs of paragraph (f), he only contests the third and fourth prongs. To terminate parental rights under section 232.116(1)(f), the State must show the child is four years of age or older, has been adjudicated a CINA, has been removed from the home for the requisite period of time, and could not be returned to the parent's custody, as provided in section 232.102, at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(1)–(4).

First, the father argues B.M. has not been removed for the requisite period of time because B.M. was removed from the mother's custody and placed with his paternal grandparent, where the father was also living. The father also argues B.M. was not removed from his custody until the January 23, 2017 CINA adjudication. To terminate parental rights pursuant to section 232.116(1)(f)(3), the child must have "been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days."

The removal order placing B.M. with the paternal grandparent was not made part of this record. However, in its adjudicatory and termination orders, the district court noted B.M. was removed from the father's custody in October 2016. The district court stated: "the child initially was placed out of the home on the 13th of October, 2016, and has remained out of his parents' placement since that time." Despite the unique living situation that included the father and B.M. residing with the paternal grandparent until February 2017, the father was still only allowed supervised visits, with the paternal grandparent responsible for supervision. Thus, it is clear the October 2016 date of removal should serve as the removal date under

paragraph (f), not the January 23, 2017 CINA adjudication as the father asserts. Because the termination hearing occurred on December 18, 2017, B.M has been removed from the father's physical care for at least twelve consecutive months and the State has met the burden to prove the grounds for termination under Iowa Code section 232.116(1)(f)(3).[2]

Next, the father contends B.M. could have been returned to his custody at the time of the termination hearing. To terminate the father's rights under section 232.116(1)(f)(4), the State must prove by "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102." Here, despite very recent visitations and clean drug tests, the DHS had doubts about the father's progress and was concerned that he was only going through some last-minute motions without actually addressing the many issues that had prevented him from being a safe placement for B.M. Beginning in February 2017, after concerns of domestic violence, the DHS requested that the father no longer live with the paternal grandmother and B.M. On April 4, 2017, the father was pulled over and was in possession of methamphetamine and marijuana; he was arrested on April 24 on a warrant and, thereafter, he had only sporadic communication with the DHS. He also spent time in jail in Illinois on charges that remained unresolved at the time of the termination hearing. In July he was diagnosed with major depressive disorder along with drug and alcohol abuse. Prior to the father's recent visitations, he claimed he obtained housing—a trailer home on his grandfather's property—that was used for visits

---

[2] We also note the DHS worker testified, without objection, that B.M. had been removed from the father's care for the requisite time frame.

with B.M. The DHS worker testified she questioned whether the father actually resided in the trailer because the heat was not turned on until just prior to the visits and the father appeared to actually be living elsewhere. Additionally, the DHS worker indicated the father's new paramour was someone known to the department, has a prior termination of her parental rights, and also has a lengthy history of substance abuse. Given the father's living situation, his history with substance abuse, and his unresolved personal issues, we conclude the State has proven by clear and convincing evidence that B.M. could not be returned to the father at the time of the termination hearing.

We find the State has proven the statutory grounds for termination under Iowa Code section 232.116(1)(f).

**B. Best Interests**

The father next contends termination is not in B.M.'s best interests. In considering whether termination is in a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). At the time of the termination hearing, B.M. lived with his maternal grandparents. The DHS views the maternal grandparents as an adoptive placement, and they are willing to adopt. B.M. deserves permanency, and his father has been unable to demonstrate any level of stability either in his own life or in his ability to care for his son. Giving priority to B.M.'s physical, mental, and emotional wellbeing, we conclude termination of the father's parental rights is in B.M.'s best interests.

**C. Permissive Factors**

The father next asks us to consider the exceptions to termination pursuant to Iowa Code section 232.116(3).  The father asserts the district court need not terminate the relationship between the parent and the child if "[a] relative has legal custody of the child" or "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."  *See id.* § 232.116(3)(a), (c).  These exceptions are permissive, not mandatory.  *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).  A juvenile court may exercise its discretion in deciding whether to apply these exceptions based on the unique circumstances of each case and the best interests of the children.  *See id.*  Based on the father's uncertain living situation, relationship with a known drug user, unresolved personal issues, and lengthy absences from B.M.'s life in the year leading up to termination, we find there are no factors that should preclude termination.  *See* Iowa Code § 232.116(3)(a), (c).

### D.  Additional Time

Finally, the father asserts he should be given an additional six months to work toward reunification.  *See Id.* § 232.104(2)(b) (providing a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period").  The father was offered substance-abuse evaluations and treatment and family services but has only recently begun to engage in services and have visits with B.M.  The district court found "reasonable efforts were provided to eliminate the need for removal . . . but termination [was] the only reasonable means to establish permanency for [B.M.]."  From our review of the record, we agree with

the district court that a termination order, and not a six-month extension, was in B.M.'s best interests.

## IV. Mother's Appeal

Because the mother does not dispute the State proved the grounds for termination by clear and convincing evidence, we need not discuss the issue further and affirm the court's findings. *See P.L.*, 778 N.W.2d at 40 ("Because the father does not dispute the existence of the grounds under sections 232.116(1)(d), (h), and (i), we do not have to discuss this step.").

We next evaluate whether termination is in the children's best interests pursuant to Iowa Code section 232.116(2). *See id.* at 39. As noted, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The children's safety and long-term nurturing and growth are best served by finding a permanent placement for them as soon as possible. Both children tested positive for illegal substances, and the mother's recent arrest for drugs and weapons charges is not indicative of someone who can provide safety and an opportunity for growth. Furthermore, both children are young and deserve stability and finality rather than waiting for the mother to stabilize. In consideration of the children's physical, mental, and emotional needs, we find termination of the mother's rights to be in their best interests.

The mother asks us to consider Iowa Code section 232.116(3) and apply the statutory exceptions to preclude termination. Based on the mother's behavior in exposing the children to drugs and her unsuccessful attempt at addressing the

issues that led to the DHS's involvement, including her arrest on drugs and weapons charges, we find there are no factors that should preclude termination. *See id.* § 232.116(1)(a), (c).

The mother also asserts she should have been given an additional six months to work toward reunification with her children. *See id.* § 232.104(2)(b). However, the mother was unable to take advantage of the services offered due to her ongoing substance-abuse issues leading to her arrest. Upon our review of the record, we agree with the district court that the issues that led to removal of X.S. and B.M. would still be present at the end of an additional six months and a termination order was in the children's best interests. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting a parent's past conduct is instructive in determining future behavior).

**V. Conclusion**

Because B.M. was removed for twelve consecutive months, his safety and development is best served by terminating the father's rights, and there are no exceptions to preclude termination, we affirm the district court's termination of the father's rights. Additionally, because the children's safety and development is best served by terminating the mother's rights and there are no barriers to termination, we affirm the district court's termination of the mother's rights.

**AFFIRMED ON BOTH APPEALS.**