**IN THE COURT OF APPEALS OF IOWA**

No. 21-0719
Filed August 4, 2021

**IN THE INTEREST OF A.B. and M.B.,**
**Minor Children,**

**H.B., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Rebecca Williams, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

Julie F. Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

A mother appeals the termination of her parental rights to her children, born in 2014 and 2016, pursuant to Iowa Code section 232.116(1)(e) and (f) (2020).[1]

As to the statutory grounds for termination, the mother only challenges termination under section 232.116(1)(h), which was not relied upon by the juvenile court. Assuming the mother intended to challenge termination under paragraph (f) by arguing the children "should be safely returned to her care,"[2] she does not challenge termination under paragraph (e). We affirm on the unchallenged ground. *See In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014) ("[W]e need only find termination appropriate under one of these sections to affirm."); *see also Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal.").

The mother goes on to argue termination is contrary to the children's best interests based on the closeness of the parent-child bonds. *See* Iowa Code § 232.116(2), (3)(c). The record belies her claim. At the time of the termination hearing in late April 2021, the mother had not seen the children since November 2020. The children reported their desire to no longer see the mother, and the mother acknowledged in her testimony the "bond is broken" between her and the children. She added, "My daughters and I are no longer a family." The children require permanency, which they desire to have with their foster placement where

---

[1] The father's rights were also terminated. He does not appeal.
[2] In her testimony at the termination hearing, the mother specifically testified the children could not be returned to her care at that time, noting, "I do not think that that would be a good idea." This amounts to clear and convincing evidence the children could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4).

they are integrated, and the foster family intends to adopt the children. Permanency in this home is in the children's best interests. *See id.*§ 232.116(2)(b).

To the extent the mother requests additional time to work toward reunification, we are unable to conclude the need for removal will no longer exist at the end of an additional six-month period. *See id.* § 232.104(2)(b). Despite the opportunity to participate in services for roughly eighteen months, the mother did not meaningfully do so, and she continues to have unresolved mental-health and substance-abuse issues. It is highly unlikely the situation will change after an additional six months.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**