# IN THE COURT OF APPEALS OF IOWA

No. 16-1129
Filed September 14, 2016

**IN THE INTEREST OF K.R., T.R.,
N.R., and R.R.,
Minor Children,**

**R.L., Father,**
        Appellant,

**A.C., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.


A mother appeals the termination of her parental rights to her four sons; the father of the two younger children also appeals. **AFFIRMED ON BOTH APPEALS.**


Marshall W. Orsini of Carr & Wright, P.L.C., Des Moines, for appellant father.

Mark D. Reed of Marberry Law Firm, P.C., Urbandale, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Nicole Garbis Nolan of Youth Law Center, Des Moines, guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

These combined appeals from the juvenile court's order terminating parental rights involve four boys—seven-year-old T.R., five-year-old K.R., three-year-old N.R., and two-year-old R.R. Ashley is the mother of all four children. Robert is the father of the two youngest.[1] Both parents argue the State did not present clear and convincing evidence to support the statutory grounds for termination and termination was not in their children's best interests. After our independent review[2] of the record, we agree with the juvenile court's decision to terminate the parental rights of both Ashley and Robert, a decision that allows the children to settle in a safe and permanent home.

This child welfare case opened in February 2015 when it came to the attention of the Iowa Department of Human Services (DHS) that Ashley and Robert were wrapping duct tape around the hands and arms of T.R. and K.R.—then ages five and four—at night, reportedly to keep the boys from getting access to adult medications. The DHS workers also determined Robert struck K.R. in the forehead with a piece of wood. After removing all four boys from the custody of their parents, the DHS placed them with Ashley's grandparents, where they remained through the time of the termination proceedings.

Both parents struggled with managing their anger throughout the course of the case. Despite having mental health diagnoses of anxiety and depression, the

---

[1] The paternity of the older boys is uncertain. The juvenile court also terminated the parental rights of any putative fathers.

[2] We review termination proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). We are not bound by the juvenile court's fact-findings, but we accord them weight, especially when assessing witness credibility. *Id.* Proof must be by clear and convincing evidence. *Id.* Evidence is clear and convincing when we have no serious or substantial doubts as to the correctness of conclusions of law drawn from it. *Id.*

parents were inconsistent in attending therapy appointments. They also made little progress in developing positive parenting skills and never progressed beyond supervised visitation.[3] According to the DHS worker, the older boys, T.R. and K.R., did not fully trust their mother.

After hearing dates in April and May 2016, the juvenile court issued its order terminating Ashley's parental rights to T.R., K.R., N.R., and R.R. under Iowa Code subsections 232.116(1)(d), (f), (h), and (i) (2015), and terminating Robert's rights to N.R. and R.R. under subsections 232.116(1)(d), (h), and (i). The mother and father separately appeal.

## I. Grounds for Termination of Mother's Parental Rights

Ashley challenges the juvenile court's grounds for termination under Iowa Code section 232.116(1). She contends the record did not include clear and convincing proof the conditions that led to the finding of abuse and neglect remained despite the offer of services or the children could not be returned home. She contends she has "gained insight into how taping the children traumatized them," understands how to appropriately deal with the father's use of corporal punishment, and has stopped threatening the children with harsh disciplines. She also asserts she has stable housing and a new job.

When the juvenile court orders termination of parental rights on several statutory grounds, to affirm we need only find clear and convincing evidence to support one of those grounds. *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). We conclude the record supports termination of the mother's rights as to

---

[3] Although Robert is not their biological father, T.R. and K.R. call him "dad." The DHS did not allow Robert ongoing visitation with them because of the incidents of physical abuse.

T.R. and K.R. under subsection (f)[4] and as to N.R. and R.R. under subsection (h).[5]

Contrary to Ashley's assertions, we agree with the juvenile court's conclusion she was not ready to provide a safe home environment for the four children. As the juvenile court observed, the parents' housing situation remained "unstable and inappropriate." While Ashley testified she had qualified for housing assistance and planned to obtain another apartment, at the time of the hearing she and Robert were living in the basement of another family's home with only one bed and with exposure to various hazards for children. The juvenile court also concluded Ashley's employment was "uncertain." Ashley testified she would be starting a job at a fast-food restaurant soon, but before that she had "volunteered" at the restaurant were Robert was working, leading to discord in the workplace and a reduction in his hours.

Most critically to the juvenile court order and to our decision on appeal, Ashley did not achieve sustained improvements in her parenting skills. Neither parent followed a recommendation for anger management classes. At the termination hearing, Ashley would not fully acknowledge Robert's physical abuse

---

[4] Iowa Code section 232.116(1)(f) allows the court to terminate parental rights when the children: (1) are four years of age or older; (2) have been adjudicated as children in need of assistance under section 232.96; (3) have been removed from the parent's physical custody for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) clear and convincing evidence exists that at the present time the children cannot be returned to the custody of their parents as provided in section 232.102.

[5] Iowa Code section 232.116(1)(h) allows the court to terminate parental rights when the children: (1) are three years of age or younger; (2) have been adjudicated as children in need of assistance under section 232.96; (3) have been removed from the parent's physical custody for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days; and (4) clear and convincing evidence exists that the children cannot be returned to the parent's custody as provided in section 232.102 at the present time.

of K.R.  Social workers reported problems with Ashley's supervised visitation with the children.  Ashley sometimes arrived late and did not always give the children her full attention during the visits.  She admitted she would talk or text on her cell phone: "It's just a habit that I can't break.  I'll admit I'm always constantly on my phone."  In addition, Ashley acknowledged that when the boys misbehaved she would get "overwhelmed, worked up, [and] stressed out" to the extent that she had previously threatened to spank them during the visits.

The juvenile court did not find Ashley credible in her assertion she was committed to refraining from physical discipline and improving her interactions with the children.  Under these circumstances, we cannot place the four children at risk while Ashley "experiments" with her parenting skills.  *See In re M.B.*, 553 N.W.2d 343, 346 (Iowa Ct. App. 1996).

## II.     Grounds for Termination of Robert's Parental Rights

On appeal, Robert contests the statutory grounds for termination as to N.R. and R.R. under section 232.116(1)(h). But, he did not do so at the termination hearing.  In response to the question, "Are you asking that the children come home today?" Robert replied, "Today, no.  In the future I would like to see it, but not today."  The State argues Robert did not preserve error on the question whether the children could be returned to his care under subsection (h). We agree and affirm the termination of his parental rights on that ground.[6]  *See In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994) (noting general rule that

---

[6] Because we affirm under subsection (h), we decline to address the alternate grounds for termination Robert challenges on appeal.  *See In re J.B.L.*, 844 N.W.2d at 704.

issue not presented to the juvenile court may not be raised for the first time on appeal).

### III.    Best Interests of the Children

Both parents argue we should reverse the termination order because it was not in the best interests of the children under section 232.116(2) and (3)(c). The best-interests test is primarily based on three considerations: (1) the children's safety; (2) the best placement for furthering their long-term nurturing and growth; and (3) their physical, mental, and emotional condition and needs. *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (discussing framework of section 232.116(2)).   Using this framework, we find the children's best interests are served by termination of the parental rights of Ashley and Robert.  We embrace the sentiments of the juvenile court on this point:

> [N]ot only do Robert and Ashley fail to demonstrate an understanding of how to safely parent a child or an understanding of the need to nurture children, they often demonstrate a disinterest in learning how to do so. This disinterest is shown by not sustaining change and only reluctantly participating either in services or admitting that striking a child with a board is abuse. They have wasted a lot of time in denying the abuse; time which would have been better spent wholly participating in services.

Finally, section 232.116(3)(c) allows the juvenile court to refrain from terminating parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."  This factor is permissive, not mandatory.  *See In re M.W.*, 876 N.W.2d at 225.  Under the facts before us, we do not find the closeness of the relationships between the children and the parents outweighs the children's need for permanency.  The record shows the boys have acted out

after visits with their parents.  K.R. and T.R. have shown aggressive behaviors. The uncertainty of their situation has taken a toll.

The maternal great-grandparents have demonstrated the ability to nurture these boys and have expressed a willingness to adopt.  Termination of parental rights would clear the path for that permanent placement.

**AFFIRMED ON BOTH APPEALS.**