**IN THE COURT OF APPEALS OF IOWA**

No. 16-2218
Filed March 8, 2017

**IN THE INTEREST OF M.T.,**
**Minor Child,**

**W.T., Father,**
    Appellant.
_____

    Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.


    A father appeals from an order in a child-in-need-of-assistance proceeding placing his child in a guardianship. **AFFIRMED.**


    John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant father.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

    Joseph W. Kertels, Juvenile Law Center, Sioux City, for minor child.


    Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A father appeals from an order in a child-in-need-of-assistance (CINA) proceeding placing his child, M.T., in a guardianship. We find it would not be in the child's best interests to give the father an additional six months to work toward reunification with the child. We affirm the juvenile court decision placing M.T. in a guardianship.

## I.     Background Facts & Proceedings

The father and mother are the parents of M.T., born in 2006.[1] The family came to the attention of the Iowa Department of Human Services (DHS) in October 2015 due to concerns about lack of cleanliness in the home and the possibility of physically abuse. The child was removed from the parents' care on December 18, 2015, and placed with a maternal aunt and uncle. At the time both parents were unemployed and homeless, and the mother and M.T. were living with a known sex offender.

The child was adjudicated CINA pursuant to Iowa Code section 232.2(6)(c)(2), (f), and (g) (2015). The father remained unemployed. He obtained some income from selling plasma and lived in a one-bedroom apartment. The father attended therapy. He was inconsistent in attending supervised visits with the child.

A permanency hearing was held on December 12, 2016. The juvenile court determined M.T. should be placed in a guardianship with the maternal aunt and uncle and the guardianship should be transferred to the probate division of

---

[1] The father and mother are also the parents of E.T., born in 2003. Due to E.T.'s special needs, his placement is not the same as that of M.T. The father has not appealed the placement of E.T.

the district court. The court determined after the guardianship was established the juvenile case would be closed. The court found the father did not have the means to provide for the child and had not demonstrated an ability to care for the child on a consistent basis. The court denied the father's request for an additional six months to work toward reunification with the child, finding the child needed permanency and there was no evidence to support a finding the father would be able to care for the child in six months. The father appeals the CINA permanency order.

## II. Standard of Review

Our review in CINA proceedings is de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* "As in all juvenile proceedings, our fundamental concern is the best interest of the child." *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). Allegations in CINA proceedings must be proven by clear and convincing evidence. Iowa Code § 232.96(2).

## III. Discussion

The father claims he should have been given an additional six months to work toward reunification with M.T. He states he made progress since the time the child was removed from his care by obtaining an apartment, attending therapy, and participating in visitation.

Section 232.104(2)(b) permits a juvenile court to enter a permanency order continuing a child's placement for an additional six months. Such an order requires a "basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six month period."

Iowa Code § 232.104(2)(b); *see also In re J.B.L.*, 844 N.W.2d 703, 706 (Iowa Ct. App. 2014). "The judge considering [a six-month extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005)

We find the juvenile court properly determined there was no basis to conclude the need for the removal of M.T. from the home would no longer exist at the end of an additional six-month period. The child had been out of the home for close to a year at the time of the permanency hearing, and the father had been unable to place himself in a position to resume care of the child. He did not have the financial means to support the child. The father's inconsistent attendance at supervised visitation showed he was unwilling to place the child's needs above his own. There was no evidence to show circumstances would be different six months in the future than they were at the time of the permanency hearing.

We affirm the juvenile court's decision placing M.T. in a guardianship with the maternal aunt and uncle.

**AFFIRMED.**