# IN THE COURT OF APPEALS OF IOWA

No. 19-0498
Filed June 5, 2019

**IN THE INTEREST OF M.R.,**
**Minor Child,**

**M.R., Father,**
     Appellant,

**A.R.. Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Warren County, Brendan Greiner, District Associate Judge.


A mother and father separately appeal the order terminating their parental rights.  **AFFIRMED.**


Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant father.

Tara M. Elcock of Elcock Law Firm PLC, Indianola, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Yvonne C. Naanep, Des Moines, attorney and guardian ad litem for minor child.


Considered by Vogel, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the juvenile court decision terminating their parental rights. They independently claim the evidence was insufficient to support termination, the court should have granted additional time for them to resolve their issues, and exceptions to termination apply. We find sufficient evidence supports the termination, additional time is not warranted, and no exceptions preclude termination. We affirm.

## I.      Background Facts & Proceedings

M.R., father, and A.R., mother, are the parents of M.R., born in 2013. On December 30, 2017, the parents were arrested for shoplifting; M.R. was with them. Law enforcement found drug paraphernalia on both parents, and the parents admitted to regularly using heroin and prescription drugs while the child was in the home. The child was placed with the maternal grandparents, and on January 2, 2018, the parents consented to the child's removal and placement with the grandparents. On February 14, the child was adjudicated in need of assistance (CINA). After a dispositional hearing in March, the court ordered both parents to address their substance-abuse and mental-health issues.

The father, who is thirty-two years of age, has a long history with drugs, including marijuana and prescription opioids since he was a teenager; after a sober period, in 2012 he began taking pain pills again, progressing to heroin use in 2016. He began using methamphetamine in mid-2017. The father attended inpatient treatment in February 2018. He started family treatment court in February, but at the end of March tested positive for multiple opioids and methamphetamine. At the end of April, the father pleaded guilty to a drug offense dating from September

2017, and the court sentenced him to fifteen years in prison.  He had no visits with the child while incarcerated, but he did call every week to talk with the child.  The father paroled out of prison in January 2019.  After his release from prison, he admitted a single use of methamphetamine approximately two weeks prior to the termination hearing.

The mother started taking prescription opioids following a back injury, using more over time and turning to heroin in 2016.  Following the removal, she started family treatment court in February and continued with the court through relapses and various treatment programs.  In October, she failed to attend her court dates and was suspended from the family treatment program.  The mother was inconsistent in complying with testing and occasionally tested positive for opioids or methamphetamine.  The mother testified to regularly using methamphetamine for the majority of the case.  Throughout the case, she started multiple inpatient and outpatient treatment programs but did not complete them.  The mother was inconsistent in attending visitation and would sometimes appear to be under the influence of drugs.  She did not call the child to talk on days without visits.  The mother had been in treatment for just over two weeks at the time of the termination hearing, with her last admitted drug use earlier in the month.

On December 28, 2018, the State filed a petition to terminate the rights of both parents.  A trial was held on February 25, 2019.  The court heard testimony from the mother, the father, the family services worker, the social worker, and the maternal grandmother.  The parents were both sober the day of the termination hearing.  On March 13, 2019, the court terminated each parent's rights pursuant to Iowa Code section 232.116(1)(f) and (*l*) (2018).  Both parents appeal.

## II.    Standard of Review

We review termination-of-parental-rights cases de novo.  *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).  "There must be clear and convincing evidence of the grounds for termination of parental rights."  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  Clear and convincing evidence means there are "no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence."  *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017) (citation omitted).  The paramount concern in termination proceedings is the best interest of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III.    Analysis

The parents independently claim insufficient evidence supports the termination of their parental rights, the court should have granted them additional time to resolve the problems causing the removal, and exceptions apply negating the need to terminate their parental rights.

**A.    Sufficiency of the evidence.**    Each parent claims insufficient evidence supported the termination of their parental rights under both Iowa Code section 232.116(1)(f) and (*l*).  Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate under one of these sections to affirm."  *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

We will address the termination of parental rights for each parent under section 232.116(1)(f).  Neither parent contests the first three elements: the child is over four years of age, has been adjudicated CINA, and has been removed from the parents' physical custody for more than twelve months.    Iowa Code

§ 232.116(1)(f)(1)-(3). Each parent claims the State failed to prove by clear and convincing evidence that the child could not have been returned to his or her custody at the time of the termination hearing. *See id.* § 232.116(1)(f)(4).

At the time of the termination hearing, the father had been sober for less than two weeks, having relapsed on methamphetamine shortly after his release from prison. While the father had a stable home with his parents, he had not yet begun substance-abuse or mental-health treatment. In the year since the removal, the father made very little progress in addressing his problems contributing to the child being adjudicated CINA. The father was not in a position for the child to be returned to his care at the time of the termination hearing.

At the time of the termination hearing, the mother had been sober for a little more than two weeks. The majority of her sober period was spent in a controlled inpatient environment, and she was moving to outpatient treatment the next day. The completion of the first step in her substance-abuse treatment is a good first step, but we note she did not choose to pursue treatment until after the termination petition had been filed. Over the past year she was in a cycle of starting treatment and then relapsing into a regular methamphetamine habit. Even the mother testified she was not ready for the child to be returned at the time of trial.

We conclude there is clear and convincing evidence in the record to show the child could not be safely returned to the care of either parent at the time of trial. We determine the juvenile court properly terminated each parent's rights under section 232.116(1)(f).

**B.     Additional time.** The mother claims the court should have granted her additional time under Iowa Code section 232.104(2)(b) to resolve her problems

prior to termination. The father also claims the court should have ordered additional time to resolve his issues before resorting to termination of his rights.

In order for the court to order a six-month continuation of the child's placement, it must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). The court found it unlikely the parents could resolve the concerns within six months.

After more than a year of services and uncertainty for the child, each parent claims to be in the early stages of addressing the issues that led to the removal of the child. The mother claims this time her treatment is different because it is her choice to go to treatment. The father claims his time in prison made him understand the changes he needs to make in his life and motivated him to stay out of jail. We cannot deprive a child of permanency by hoping someday the parents will learn to be parents and provide a safe and stable home for the child. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We must "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

We cannot find the need for removal will no longer exist at the end of six months as to either parent. We conclude the grandparents' home is the best placement to provide stability and for the child's long-term growth. Termination of the parents' rights is in the best interest of the child.

**C.    Exceptions.**  Finally, both parents claim the court did not need to terminate their parental rights because the child is in the legal custody of the maternal grandparents and termination would be detrimental to the child due to their close bonds with the child.  *See* Iowa Code § 232.116(3)(a), (c).  The court found "no clear and convincing evidence presented" showed an exception should apply to stop the termination.

The exceptions to termination of parental rights found under section 232.116(3) are permissive, not mandatory.  *In re A.S.*, 906 N.W.2d 467, 45 (Iowa 2018).  It is within the court's discretion to consider the circumstances of the case and the best interest of the child in determining whether to apply the factors.  *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).  We recognize the parents are bonded to the child.  However, the adoptive family is the maternal grandparents, and they have indicated the parents may be around the child if they are clean and sober.  Termination and adoption in this case provides stability to the child while allowing the parents a way to maintain their bonds with the child.  We find application of the exceptions to termination under section 232.116(3) do not render termination improper in this case.

**AFFIRMED.**