**IN THE COURT OF APPEALS OF IOWA**

No. 20-1440
Filed January 21, 2021

**IN THE INTEREST OF D.H. and J.H., Minor Children,**

**J.W., Mother,**
    Appellant,

**D.H., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father and mother separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS**.

Victoria D. Noel of The Noel Law Firm, P.C., Clinton, for appellant mother.

Neill A. Kroeger, LeClaire, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Marsha Arnold, Davenport, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and May and Schumacher, JJ. Tabor, J., takes no part.

**SCHUMACHER, Judge.**

A mother and father separately appeal the termination of their parental rights to their two young sons, D.H., born in December 2014, and J.H., born in September 2019. The father challenges the sufficiency of the evidence for termination and further argues the bond between himself and the children should preclude termination pursuant to Iowa Code section 232.116(3) (2020). The mother also challenges the sufficiency of the evidence relied on by the district court for termination of her parental rights. We address each argument in turn.

**1. Background Facts and Proceedings**

D.H. and J.H came to the attention of the Iowa Department of Human Services (DHS) in July 2019 due to concerns regarding lack of supervision when four-year-old D.H., who is non-verbal and developmentally delayed, was located outside of his home unsupervised and unclothed. He was found in the same situation several days later; the second incident occurring when the mother was sleeping and under the influence of marijuana. D.H. was placed in foster care pursuant to a voluntary placement agreement on July 31, 2019. The father, a registered sex offender, was arrested for possession of methamphetamine. The mother, who was pregnant, was admitted to a hospital for psychological concerns. She later entered the Heart of Iowa for inpatient substance-abuse treatment, where she gave birth to J.H. The mother did not successfully complete inpatient treatment at Heart of Iowa and transferred to a halfway house as an alternate placement. Her stay at the halfway house was terminated due to the mother's noncompliance with the rules of the facility. The mother was given the option of

going to another placement with the new baby. She declined and signed a voluntary placement agreement for J.H. to be placed in foster care with his brother.

D.H. was adjudicated to be a child in need of assistance (CINA) on August 22, 2019. He was formally removed from parental custody the same day. J.H. was adjudicated a CINA on April 23, 2020. He was formally removed from parental custody on that date, although he had been placed in foster care with his brother three months earlier when his parents signed a voluntary placement agreement on January 22, 2020. While a permanency hearing was originally scheduled for July 2020, it was continued to the date of the termination hearing, October 28.

Prior to the combined permanency and termination hearing, both parents continued to lose battles in their personal wars with controlled substances. The mother provided a drug patch that was positive for methamphetamine on August 27 following completion of level one outpatient treatment and unsuccessful inpatient treatment attempts. The father had positive methamphetamine tests on January 30, July 2, and October 1. He removed a patch at the end of August while he was under the influence of alcohol after a verbal altercation with the mother. He acknowledges he does not remember removing his patch due to his use of alcohol. Proof of the father's completion of substance-abuse treatment is absent from the record. He acknowledges he has not re-engaged in treatment since his most recent relapse.

The district court terminated the father's parental rights to D.H. pursuant to section 232.116(1)(e), (f), (k), and (*l*) (2020) and to his youngest son, J.H., pursuant to section 232.116(1)(e), (h), (k), and (*l*). The father challenges all four

grounds relied upon by the district court with respect to D.H. When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm. *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). We focus on section 232.116(1)(f) in relation to the father's rights concerning D.H. As to one-year-old J.H., the father challenges grounds in section 232.116(1)(e), (k), and (*l*), leaving section 232.116(1)(h) unchallenged. We may therefore affirm the termination based on the unchallenged ground. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

**2.     Analysis**

We begin our analysis guided by defined case law and statutory guidance concerning termination of parental rights. We do not "'gamble with the children's future'" by asking them to continuously wait for a stable biological parent, particularly at such tender ages. *In re D.W.*, 385 N.W.2d 570, 578 (Iowa 1986) (quoting *In re Kester*, 228 N.W.2d 107, 110 (Iowa 1975)); *see also In re D.W.*, 791 N.W.2d 703, 707–08 (Iowa 2010); *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990) ("Children simply cannot wait for responsible parenting. Parenting . . . must be constant, responsible, and reliable.").

Under section 232.116(1)(f), parental rights may be terminated if the court finds all of the following have occurred:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father does not challenge the first three elements. D.H. is four years of age or older; he has been adjudicated pursuant to section 232.96; and D.H. has been out of the physical custody of his parents for at least twelve of the last eighteen months, or for the last twelve consecutive months, and any trial period at home has been less than thirty days. D.H. has not been the subject of a trial home period since his removal.

The father focuses his argument on the fourth element of section 232.116(1)(f). He argues at the time of the termination hearing, he was making progress on case plan expectations.[1] *See* Iowa Code § 232.116(1)(f)(4) (requiring clear and convincing evidence that the child cannot be returned to parental custody at the present time); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

The district court found D.H. could not safely be returned to the custody of his parents at the time of the termination hearing, noting the father was still testing positive for the presence of illegal substances, he was not addressing his substance-abuse issue, and the original adjudicatory harm continued to exist. The father's counsel acknowledged the children could not be returned to the father's custody on the day of the termination hearing in his closing argument, stating,

I think the testimony today shows that the parents have been making progress, not sufficient at this time to return the kids to them today, but they both seem to understand exactly what they need to do now

---

[1] The father does not argue on appeal that he should have been granted more time pursuant to Iowa Code section 232.104(2)(b).

and intend to do it. So we're asking for more time and a continuance so that they can fully accomplish everything . . . .

D.H. has been removed from parental custody for over a year, with little progress on behalf of the father toward the issues that brought D.H. to the attention of the court. We further note the record reflects the father has not attended substance-abuse treatment since his recent relapse on methamphetamine. The father's visits with the children have never progressed beyond supervised. We agree that D.H. could not be returned to his father's custody at the time of the termination hearing, finding clear and convincing evidence in the record for termination under section 232.116(1)(f) as to D.H.

We next address the termination of the father's parental rights as to J.H. Under section 232.116(1)(h), the court may terminate the rights of a parent to a child if: (1) the child is three years old or younger, (2) the child has been adjudicated a CINA under section 232.96, (3) the child has been out of the parent's custody for at least six of the last twelve months or the last six consecutive months, and (4) "[t]here is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."

While the father does not challenge termination of his rights under section 232.116(1)(h), on our de novo review of the record, we find sufficient evidence to support this statutory ground. J.H. is one year old. He was adjudicated to be a CINA and had been out of his parents' custody since adjudication, a consecutive period of over six months. We find there is clear and convincing evidence J.H.

could not be returned to his father's custody at the time of the termination hearing based on his father's unaddressed substance-abuse issues.

The father also argues an exception to termination under section 232.116(3) should be applied to avoid termination. Specifically, the father argues that the bond between father and sons should preclude termination. He highlights the relationship he has with D.H. However, as we have previously stated, "the factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

We disagree with the father's argument concerning the application of a permissive exception. First, the statute requires "clear and convincing evidence that termination would be detrimental to the child due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). Even if we were to assume the father and the children have a close bond, which we question given that J.H. has been out of parental custody the majority of his life and D.H. has been removed from parental custody for over a year, such bond is not alone sufficient for purposes of the permissive exception. This record is void of clear and convincing evidence termination would be detrimental to either child. The evidence establishes the converse. When D.H. was removed from parental custody, he was non-verbal. He has special needs that must be addressed. While he is beginning to use some words, he requires constant supervision and is unable to do basic tasks for a child

of his age. J.H. is a very young child who is unable to self-protect. Secondly, while we have no doubt the father loves both of his sons, love is not enough to trigger this exception. *See D.W.*, 791 N.W.2d at 709 (noting the consideration when assessing the exception in section 232.116(3)(c) is not the parent's love for the child, but whether the child will be disadvantaged by termination). The disadvantages of termination do not overcome the safety concerns that would come with denying termination concerning D.H. and J.H.

We turn next to the mother's arguments on appeal. The district court terminated the mother's parental rights to D.H. pursuant to section 232.116(1)(e), (f), (k), and (*l*) and terminated the mother's parental rights to her youngest son, J.H., pursuant to section 232.116(1)(e), (h), (k), and (*l*). The mother challenges sufficiency of the evidence under section 232.116(1)(d), (h), and (*l*).[2] We may affirm the termination based on the unchallenged grounds. *See S.R.*, 600 N.W.2d at 64. We, therefore, affirm the termination of the mother's parental rights concerning D.H. under section 232.116(1)(f), an unchallenged ground. We affirm the termination of the mother's parental rights as to J.H. under section 232.116(1)(h), finding the record contains clear and convincing evidence to support termination under this ground challenged by the mother as to J.H.

Like the father, the mother challenges only the fourth element of section 232.116(1)(h), arguing that the child could be safely transitioned to her care. We disagree. The mother failed to complete inpatient treatment. While she completed level one outpatient treatment in July 2020, she had a positive drug screen for both

---

[2] The district court did not rely on section 232.116(1)(d) for termination for either D.H. or J.H.

marijuana and methamphetamine following outpatient treatment. The mother has not consistently addressed her mental health. We agree with the district court that J.H. could not be safely returned to the mother at the time of the termination hearing given these unresolved issues.

**3.     Conclusion**

Based on our de novo review of the record, we conclude termination of the father's parental rights was warranted under section 232.116(1)(f) as to D.H. and under section 232.116(1)(h) as to J.H. We further agree that an exception to termination under section 232.116(3) should not preclude termination between the father and his sons under the facts of this case. We concur with the district court's conclusion termination of the mother's parental rights was warranted under section 232.116(1)(f) as to D.H., and section 232.116(1)(h) as to J.H.

**AFFIRMED ON BOTH APPEALS.**