IN THE COURT OF APPEALS OF IOWA
 
 No. 20-1614
 Filed March 17, 2021
 
 
IN THE INTEREST OF A.H.,
Minor Child,

M.S., Father,
 Appellant.
________________________________________________________________

 Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

 A father appeals the termination of his parental rights to his child. AFFIRMED.

 Michael J. Moeller of Sorensen & Moeller Law Office, Clear Lake, for appellant father.
 Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.
 Cameron M. Sprecher, Mason City, attorney and guardian ad litem for minor child.

 Considered by Bower, C.J., Vaitheswaran, J., and Mahan, S.J.*
 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).
MAHAN, Senior Judge.
 A father appeals the termination of his parental rights to his child, born in 2017. He challenges the sufficiency of the evidence for termination and the district court's decision to terminate his parental rights when the child was in the mother's care. Upon our review, we affirm.
I. Background Facts and Proceedings
 This child came to the attention of the department of human services in April 2019, due to concerns about the mother's use of prescription medication that was not prescribed to her, which resulted in her hospitalization. The child was removed from the mother's care and adjudicated in need of assistance. The child was placed with the paternal grandparents until August 2019, when he was returned to the mother's care, where he has remained since.
 At the time of the child's removal, the father was in prison on domestic violence charges. Upon his release in May 2019, he contacted the department to set up a meeting but then "no-showed" the meeting. The department first met with the father in November. He expressed a desire to "build a relationship" with the child. The department next heard from the father in December. He indicated "he was struggling with illegal substance usage and needed to get help." The father did not attend scheduled visitations with the child throughout January 2020. In February, the father went to jail on domestic assault charges. He was released at some point in March, but he did not make contact with the department. Throughout March and April, the department's efforts to contact the father were unsuccessful because his address and phone number had changed. In May, the department was able to make contact with the father at the jail after learning he was in jail again for violating a no-contact order. 
 In June, the father was released from jail and had his first supervised visit with the child. The visit went "fine," although the child "did not appear to know who [the father] was . . . and appeared focused on playing." The father did not attend any other visits with the child, and the department "could no longer locate or contact" the father.
 In July, the State filed a petition for termination of the father's parental rights. The termination hearing was held in November. At that time, the father was incarcerated in Minnesota, and it was "unknown" when he would be released. The record before the juvenile court indicated the father had "not made any real progress since the start of this case in April 2019" and had "not shown that he has the interest or the ability to maintain a safe and stable relationship with his son." Further, the father had "been getting into continuous legal trouble for domestic violence," "plead[ed] the Fifth" regarding whether he had "substance abuse addiction issues," and "admit[ted] to being unpredictable when using." Meanwhile, the child was doing well in the care of the mother under department supervision. The department caseworker and guardian ad litem recommended termination of the father's parental rights.
 Following the termination hearing, the court entered its order terminating the father's parental rights. The father appealed.
II. Standard of Review
 Appellate review of termination-of-parental-rights proceedings is de novo. In re L.T., 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the
best interests of the child, In re J.E., 723 N.W.2d 793, 798 (Iowa 2006), the
defining elements of which are the child's safety and need for a permanent
home. In re H.S., 805 N.W.2d 737, 748 (Iowa 2011).
III. Discussion
 The district court terminated the father's parental rights pursuant to section 232.116(1)(b), (e), and (h) (2020). The father challenges the sufficiency of the evidence supporting the grounds for termination in section 232.116(1)(b). Although the court terminated parental rights on more than one statutory ground, we need only find termination is proper on one ground. In re J.B.L., 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). "We may therefore affirm the termination based on the unchallenged ground[s]." In re D.H., No. 20-1440, 2021 WL 210726, at *2 (Iowa Ct. App. Jan. 21, 2021) (citing In re S.R., 600 N.W.2d 63, 64 (Iowa Ct. App. 1999)). In any event, the father concedes that the child is three years of age or younger, has been adjudicated as in need of assistance, has been removed from the father's physical custody for at least six of the last twelve months, and could not be placed in father's care at the present time; accordingly, the record contains clear and convincing evidence for termination under section 232.116(1)(h).
 The father also contends the court "did not need to terminate [his] parental rights . . . as the care, custody, and control of the child remained with the mother." See Iowa Code § 232.116(3)(a). The exceptions to termination of parental rights found under section 232.116(3) are permissive, not mandatory, In re A.S., 906 N.W.2d 467, 45 (Iowa 2018), and is within the court's discretion to consider the circumstances of the case and the best interest of the child in determining whether to apply one of the exceptions, In re A.M., 843 N.W.2d 100, 113 (Iowa 2014). On this issue, the department social worker opined termination of the father's parental rights was in the child's best interests despite the fact the child was in the mother's care, expressing concern about "how unpredictable [the father] can be when he is using," the "domestic violence in his history," and the fact that "he has shown up to [the mother's] house unannounced." The guardian ad litem summed it up, "The fact that the child is placed with his mother does not outweigh the permanency needs of the child." We concur in the court's finding that "[t]aking into account all of the facts and th[is] possible exception[] there is no reason to believe the child will be disadvantaged by the termination."
 We conclude termination is in this child's best interests, and no permissive statutory exception should be applied to preclude termination. We affirm the decision of the juvenile court to terminate the father's parental rights.
 AFFIRMED.