# IN THE COURT OF APPEALS OF IOWA

No. 21-0349
Filed July 21, 2021


**IN THE INTEREST OF T.S.,**
**Minor Child,**

**K.M., Mother,**
     Appellant.
_____


     Appeal from the Iowa District Court for Montgomery County, Jennifer Bahr,

District Associate Judge.


     A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


     Ivan E. Miller, Red Oak, for appellant mother.

     Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

     Karen L. Mailander of Mailander law, PLC, Anita, attorney and guardian ad

litem for minor child.


     Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2018. She (1) challenges one of the grounds for termination cited by the district court; (2) argues termination was not in the child's best interest; (3) contends the district court should have granted an exception to termination based on the parent-child bond; and (4) asserts the district court should have afforded her additional time to reunify with the child.

The department of human services investigated the family after learning that nine people in an apartment were using methamphetamine in the vicinity of a young child. The State applied to have the child placed in protective custody. The district court granted the application. The court later confirmed the removal and adjudicated the child in need of assistance.

The department afforded the mother reunification services, including drug treatment. Those services were largely unsuccessful. The State petitioned for termination of her parental rights. Following trial, the district court granted the petition, citing two statutory provisions, Iowa Code section 232.116(1)(e) (2020) (failure to maintain significant and meaningful contact) and (h) (child cannot be returned to parental custody).

As noted, the mother only challenges one of those grounds. We affirm on the unchallenged ground. *See In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014) ("[W]e need only find termination appropriate under one of these sections to affirm."); *see also Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal.").

We turn to the question of whether termination was in the child's best interests. *See* Iowa Code § 232.116(2). The department reported that it was "unsuccessful in reunifying the child with his mother over the [previous] year due to lack of progress made by [the mother], despite services offered." The mother expressed an unwillingness to attend inpatient treatment, missed outpatient treatment sessions, and was "unsuccessfully discharged" from those outpatient services. The department employee overseeing the case reported that, to her knowledge, the mother was "currently not enrolled in any substance abuse treatment." The mother also failed to follow through with individual therapy, missed multiple drug tests, and had nine positive drug tests for marijuana, opiates, amphetamines, and methamphetamine. The employee testified that "[d]ue to the lack of follow through and the safety of [the child]," the department did not intend to place the child with the mother on a trial basis. When asked if she believed it would be safe to return the child to the mother in the foreseeable future, the employee responded, "No, I do not." Her opinion was seconded by another department employee, who cited the mother's "[o]ngoing use of illegal substances, not following through with the visits that were offered to her, and also not following through with mental health services." On our de novo review, we conclude termination of the mother's parental rights was in the child's best interests.

The mother also argues the court should have granted an exception to termination based on the parent-child bond. *See id.* § 232.116(3)(c); *In re A.B.*, 957 N.W.2d 280, 300–01 (Iowa 2021). The service provider who supervised visits testified to positive interactions between mother and child. Nonetheless, the mother had yet to transition from fully-supervised visits to semi-supervised visits,

let alone unsupervised visits or a trial home placement. Because she could not safely parent the child on an independent basis, the court appropriately declined to grant the exception to termination.

Finally, the mother asserts she should have been afforded additional time to reunify with the child. *See* Iowa Code §§ 232.104(2)(b), .117(5). She testified that she would "most definitely" be able to complete services to the court's satisfaction if she had more time. But the guardian ad litem noted that "it's been a year, and we are still at completely supervised visits. We are still at positive drug screens. We are still at going to therapy twice in the last few months when, by her own testimony, it's recommended every week." Given the mother's limited progress with services, we conclude the district court appropriately declined to grant the mother six additional months to reunify with the child.

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**