**IN THE COURT OF APPEALS OF IOWA**

No. 24-1951
Filed February 5, 2025

**IN THE INTEREST OF K.R. and M.R.,**
**Minor Children,**

**N.H., Mother,**
         Appellant.
_____

         Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,

Judge.

         A mother appeals the termination of her parental rights. **AFFIRMED.**

         Christina M. Shriver, Waterloo, for appellant mother.

         Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee State.

         Kelly J. Smith, Juvenile Public Defenders Office, Waterloo, attorney and

guardian ad litem for minor children.

         Considered by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

The district court terminated the parental rights of a mother and father to two children, born in 2022 and 2023. Only the mother appeals, with her single challenge being the statutory grounds relied on by the district court for termination of her parental rights.

## I.  Background Facts and Proceedings

This family came to the attention of the Iowa Department of Health and Human Services (HHS) in October 2022 following the birth of the oldest child, K.R. The mother admitted using methamphetamine during her pregnancy and tested positive for methamphetamine at the time of K.R.'s birth. K.R. was born early at thirty-one weeks gestation, testing positive for methamphetamine, and weighing just three pounds. After a stay in the neonatal intensive care unit, K.R. was placed with her paternal grandmother through a safety plan.

But the safety plan did not go well. The parents minimally complied with voluntary services, and the grandmother refused to allow the HHS workers access to K.R., permitting the workers to view the child only through a storm door. The parents engaged in domestic violence in front of the child, and the mother was verbally threatening and aggressive toward HHS workers. Both parents were non-compliant with the safety plan. The court adjudicated K.R. as a child in need of assistance (CINA) and formally removed the child from parental custody. The disposition order continued removal of the child from the parents, with custody remaining with HHS for relative placement. After both the grandmother and the

child tested positive for methamphetamine, the State sought modification of the dispositional order, and the child was moved to foster care in late December 2023.[1]

That same month, the mother gave birth to M.R. The mother tested positive for methamphetamine, amphetamine, and marijuana. The baby was also positive for methamphetamine and amphetamine. M.R. was removed from parental custody and placed in foster care with her sibling. She was later adjudicated to be CINA.

The district court deferred permanency at the request of the parties and HHS in February 2024.[2] But without improvements or progress by either parent, the State moved to terminate the parents' rights in July 2024. By the termination hearing, the mother had been requested to submit to fifty-three drug screens but participated in none of those tests. While the mother eventually completed a substance-use evaluation in January 2024 and a mental-health evaluation in February 2024, she did not follow through with the recommendations for treatment. All of the mother's visits remained fully supervised, with the mother missing about

---

[1] The State had sought modification of the placement of K.R. after the grandmother refused to allow access to the child, appeared to be allowing unsupervised contact between the father and child, and threatened to move to avoid HHS. After the grandmother provided assurances of compliance with HHS expectations, the court continued placement of K.R. with the grandmother.

[2] The district court's termination order noted,

> It appears the Court deferred permanency based upon largely what turned out to be lies from the parents. The parents promised to participate in drug testing and obtain substance abuse and mental health evaluations and comply with any recommendations. They promised to attend all visits. In short, they promised the Court they would change their lives and work hard at trying to regain custody. A review of the results since that time shows that they have failed miserably in their attempts to make any changes. In fact, the Court would argue that they have regressed.

half of her scheduled visits. At the time of the termination hearing, the location of the mother's residence and who else she may have been residing with was in question. Following an evidentiary hearing where the sole witness was the HHS case manager, the district court terminated the parents' rights. The mother appeals.

## II. Standard of Review

We conduct de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. Analysis

Our review follows a three-step process that involves determining whether a statutory ground for termination has been established, whether termination is in the children's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). But if a parent does not challenge a step in our analysis, we need not address it. *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020). And when the district court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the paragraphs to affirm. *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

Because the mother only challenges the statutory grounds, we limit our review to this single issue. The district court terminated the mother's parental

rights pursuant to Iowa Code section 232.116(1)(e) and (h) (2024). We choose to address the termination under section 232.116(1)(h). Section 232.116(1)(h) permits termination upon clear and convincing proof that (1) "[t]he child is three years of age or younger"; (2) "[t]he child has been adjudicated a child in need of assistance"; (3) the child has been removed from the physical custody of the parents for at least six of the last twelve months; and (4) the child cannot be returned to the custody of the parent.

The mother only challenges the fourth element on appeal—whether the children could have been safely returned to her custody at the time of the termination hearing. Iowa Code § 232.116(1)(h)(4); *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting "at the present time" means at the time of the termination hearing). On our de novo review of this record, we, like the district court, conclude the children could not be safely returned to the mother's custody at the time of the termination hearing. The mother has not addressed the concerns that brought this family to the attention of HHS nearly two years before the termination hearing. Her unaddressed substance-use and untreated mental-health issues prevent the children from being safely returned to her custody at the time of the termination hearing. And as the district court noted, the children could not be safely returned to the mother without the knowledge of where she is living and with whom she resides.

## IV. Conclusion

As clear and convincing evidence supports a ground relied on by the district court for termination of the mother's parental rights, we affirm.

**AFFIRMED.**