**IN THE COURT OF APPEALS OF IOWA**

No. 25-0082
Filed March 19, 2025

**IN THE INTEREST OF M.K.,**
**Minor Child,**

**A.W., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Kimberly K. Shepherd, Judge.

A mother appeals the district court ruling that terminated her parental rights to her one-year-old daughter. **AFFIRMED.**

Jennifer Triner Olsen, Davenport, for appellant mother.

Brenna Bird, Attorney General, and Dion D. Trowers, Assistant Attorney General, for appellee State.

Sara D. Davenport of Schoenthaler, Kahler, Reicks & Petersen, Maquoketa, attorney and guardian ad litem for minor child.

Considered by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

The district court terminated the parental rights of the mother and father to their one-year-old daughter, born in May 2023. Only the mother appeals. She challenges the statutory grounds for termination, claims termination is not in the child's best interests, asserts we should apply a permissive exception to preclude termination, and as an alternative to termination, the mother requests that a guardianship be established.

## I.     Background Facts and Prior Proceedings

M.K. was born in May 2023 with methamphetamine in her system. Both of her parents tested positive for methamphetamine. Prior to M.K.'s birth, the mother's parental rights had been terminated for two other children in December 2021.[1]

M.K. was placed outside her parents' home via a safety plan after her birth. She was formally removed from parental custody at the time she was adjudicated as a child in need of assistance under Iowa Code section 232.96A(2), (3)(b), (14), and (15) (2023). M.K. has never been returned to parental custody, and there have been no trial home placements.

After M.K.'s birth, the mother was offered the opportunity to attend an inpatient treatment program where M.K. could have eventually been placed. The mother declined. The mother was also offered the opportunity to live with the

---

[1] This court affirmed the termination on appeal, and procedendo issued in April 2022. *See In re T.D.*, No. 22-0076, 2022 WL 949744 (Iowa Ct. App. Mar. 30, 2022).

relative who had placement of M.K. The mother again declined. Instead, the mother resided in a hotel with the father and his friends.

By the permanency hearing, the mother was beginning to address her mental-health issues and was engaging in substance-use treatment. At the parties' request, the court granted an extension for reunification efforts.

But the mother did not utilize the extension of time to put herself in a position to parent M.K. Instead, she continued to struggle with her substance use and tested positive for methamphetamine several times after the permanency hearing, most recently in October 2024. The mother discontinued her attendance at substance-use treatment. And she failed to attend her mental-health treatment or follow through with other recommendations, such as medication management.

In September 2024, the State moved to terminate the parents' rights as to M.K. Following a hearing, the district court terminated the parental rights of the mother under Iowa Code section 232.116(1)(d) and (h) (2024). The court also terminated the rights of the father. The district court placed custody and guardianship of M.K. with the Iowa Department of Health and Human Services for pre-adoptive placement. The mother appeals.

## II.     Standard of Review

We conduct de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022).

## III.     Analysis

Our review follows a three-step process that involves determining whether a statutory ground for termination has been established, whether termination is in the child's best interests, and whether any permissive exceptions should be

applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). We address each of the mother's challenges in turn.

### A.    Statutory Grounds

The district court terminated the mother's parental rights under Iowa Code section 232.116(1)(d) and (h). When the district court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the grounds to affirm. *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). But here, the mother only challenges two grounds that were not relied on by the district court.[2] So we affirm the statutory grounds for termination.

### B.    Best Interests

We turn to the mother's claim that termination is not in the child's best interests. When making a best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-

---

[2] We recognize that one of the grounds the mother challenges on appeal, Iowa Code section 232.116(1)(f), is identical to a ground relied on by the district court except for the age of the child and the length of time the child must be removed from parental custody. *Compare* Iowa Code § 232.116(1)(f), *with id.* § 232.116(1)(h). But even if the mother had correctly identified a statutory ground for her appeal, she appears to only challenge the fourth element on appeal— whether the child could have been safely returned to her custody at the time of the termination hearing. *See id.* § 232.116(1)(h)(4); *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that "at the present time" means at the time of the termination hearing). The record supports a finding that the mother's methamphetamine use remains unresolved. *See In re M.D.*, No. 23-1137, 2023 WL 6290679, at *1 (Iowa Ct. App. Sept. 27, 2023) (collecting cases recognizing a parent is likely to use an illegal drug in the future given long history of relapses). And "[a] parent's methamphetamine use, in itself, creates a dangerous environment for children." *See In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020). That is particularly true when the child is too young to self-protect, as is this child. So even if the mother had correctly identified a statutory ground relied on by the district court, we conclude that the child could not be safely returned to the mother's custody at the time of the termination hearing.

term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

The mother's methamphetamine use remains unresolved. M.K. has been in placement since shortly after her birth. She has been out of parental custody all of her life. M.K.'s placement, her paternal uncle and his wife, plan to adopt her. M.K.'s visits with her mother remained fully supervised. M.K. is reported to be safe, healthy, and thriving in this home. And the child's safety is our paramount concern when making a best-interests determination. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (describing safety as the defining element of the best-interest analysis). We conclude termination is in the child's best interests.

### C.      Permissive Exception

The mother contends we should apply a permissive exception contained in Iowa Code section 232.116(3)(c) to preclude termination. This exception gives the court discretion to forgo termination when the bond between parent and child is so strong that "termination would be detrimental to the child." Iowa Code § 232.116(3)(c). It is the mother's burden to prove an exception should be applied. *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). The exceptions are permissive, not mandatory. *Id.* at 475. The mother did not testify at the termination hearing related to the parent-child bond or otherwise and she has not carried her burden to prove a permissive exception to termination. And from our review of the record, any bond that may exist is not of such magnitude that termination will be detrimental to the child.

**D.     Guardianship**

As part of the mother's best interests argument, she contends that the child would be better served by a guardianship rather than termination.  We disagree that a guardianship for M.K. is appropriate.  "[A] guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017).  And this child's age—only a year old at the time of the termination hearing—weighs against a guardianship.  *See A.S.*, 906 N.W.2d at 478 (observing a guardianship is a particularly poor option when the child is too young to express an informed preference).  Guardianships inherently provide less stability for a child than termination and adoption, particularly for a child of this tender age.  Guardianship is not the best permanency option for M.K.  Simply put, it would provide little permanency under these facts.

**IV.     Conclusion**

We affirm the termination of the mother's parental rights, as termination is in the best interests of the child, the application of a permissive exception is unwarranted, and the establishment of a guardianship in lieu of termination is not an appropriate permanency option for M.K.

**AFFIRMED.**